**CITY OF BEVERLY HILLS,**
**Texas, Petitioner,**

v.

**David GUEVARA, Respondent.**

No. 95–0014.

Supreme Court of Texas.

June 22, 1995.

Rehearing Overruled Sept. 14, 1995.

David G. Tekell, Keith C. Cameron, Waco, for petitioner.

Darren Obenoskey, Waco, for respondent.

PER CURIAM.

David Guevara sued the City of Beverly Hills, alleging that one of its police officers injured him. Guevara did not sue the officer individually. The City moved for summary judgment on several theories, including the common-law doctrine of official immunity. The trial court denied the motion, and the City appealed pursuant to section 51.014(5) of the Texas Civil Practice and Remedies Code, which authorizes interlocutory appeals of motions for summary judgment based on official immunity. The court of appeals concluded that because the City could not rely on the officer's official immunity, section 51.014(5) did not confer jurisdiction over the interlocutory appeal. Consequently, the court of appeals did not reach the merits of the City's appeal.

Section 51.014(5) authorizes interlocutory appeals for claims "based on an assertion of immunity by an individual...." The City's motion for summary judgment was clearly "based on" official immunity within the meaning of section 51.014(5). Whether the claim of official immunity was valid should have been decided on the merits. Further, this Court's decision in *DeWitt v. Harris County*, 904 S.W.2d 650, clarifies that a city can rely on the official immunity of its employees and agents. Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the Court, without hearing oral argument, grants the application for writ of error, reverses the decision of the court of appeals and remands the case to the court of appeals for further proceedings consistent with this opinion.