CITY OF SAN ANTONIO and Officer Kenneth Davis, Appellants,

v.

Sharon BYNUM and Jesse Handley, Appellees.

No. 04–96–00620–CV.

Court of Appeals of Texas, San Antonio.

Oct. 2, 1996.

Don W. King, Jr., Assistant City Attorney, Lawrence J. Souza, Charles S. Frigerio, Hector X. Saenz, Law Offices of Charles S. Frigerio, P.C., San Antonio, for appellants.

Richard J. Karam, Bill Jolly, Law Office of Richard J. Karam, San Antonio, for appellees.

Before LOPEZ, STONE and HARDBERGER, JJ.

## OPINION ON INTERLOCUTORY ORDERS

PER CURIAM.

The appellants, the City of San Antonio and its police officer, Kenneth Davis, appeal the denial of summary judgment based on

official immunity. When this court ordered appellants to show cause why the appeal should not be dismissed for want of prosecution, Davis filed a motion for extension of time in which to file his brief; the City filed a motion to adopt Davis's brief; and appellee Sharon Bynum filed two motions to dismiss the appeal. We retain the appeal on our docket and permit the City to adopt Davis's brief.

### Extension of Time in Accelerated Appeals

■ Appeals from interlocutory orders are subject to an accelerated timetable under Rule 42 of the Texas Rules of Appellate Procedure.[1] For example, the rule requires the appeal bond to be filed twenty days after the order is signed. TEX.R.APP. P. 42(a)(3). In addition, the appellant's brief "shall be filed" twenty days after the record is filed. *Id.* While the rule does not specifically mention motions for extension of time, it provides that

> Failure to file either the record or appellant's brief within the time specified, *unless reasonably explained,* shall be ground[s] for dismissal or affirmance under Rule 60, but shall not affect the court's jurisdiction or its authority to consider material filed late.

*Id.* (emphasis added).

In this case, the briefs were due by August 15, 1996, but Davis did not file his brief until August 23, 1996. Three days later, on August 26, 1996, his attorney filed a motion for extension of time in which he stated that the brief's due date was "erroneously calendared on our Office's standard appeal calendar instead of the accelerated appeal calendar." This motion for extension of time was filed within fifteen days of the brief's due date.

■ Bynum contends that Davis is not entitled to an extension of time and cites *City of Beverly Hills v. Guevara,* 886 S.W.2d 833, 834 (Tex.App.—Waco 1994), *rev'd on other grounds,* 904 S.W.2d 655 (Tex.1995). In *Guevara,* the Waco court of appeals concluded that, in the absence of a "specific mechanism for an extension," it lacked authority to

grant extensions of time to file briefs in accelerated appeals. 886 S.W.2d at 834–35. However, the Waco court exercised its "discretion" under Rule 42 and considered a late-filed brief because its tardiness was "reasonably explained." *Id.* at 835; *see also Spring v. Bollen,* 928 S.W.2d 780, 781 (Tex.App.—Waco 1996, n.w.h.) (tardiness was not reasonably explained).

■ While Rule 42 does not use the words "motion for extension of time," it specifically permits us to consider late-filed material when the tardiness is "reasonably explained." *Compare* TEX.R.APP. P. 42(a)(3) *with* TEX. R.APP. P. 73(h) (requiring motions for extension of time to reasonably explain the need for the extension). We hold that a timely filed motion for extension of time to file a brief is available in accelerated appeals if the tardiness is reasonably explained. *See also* PROPOSED TEX.R.APP. P. 42(a)(3) (permitting perfection to be extended); Minutes, Supreme Court Advisory Committee 3990 (Nov. 18, 1994).

We find Davis's explanation reasonable and therefore grant his motion for extension of time to file his brief. We deny Bynum's motions to dismiss the appeal.

### Adopting a Brief

■ The City of San Antonio filed a motion to adopt Davis's brief. The adoption of points of error in multiparty appeals "should be encouraged to conserve words, paper, and the eyesight of the members of the judiciary." *Fibreboard Corp. v. Pool,* 813 S.W.2d 658, 666 (Tex.App.—Texarkana 1991, writ denied), *cert. denied,* 508 U.S. 909, 509 U.S. 923, 933, 113 S.Ct. 2339, 3037, 3064, 124 L.Ed.2d 250, 125 L.Ed.2d 724, 746 (1993). The efficiency of this process is particularly suited to appeals such as this one, where the government's immunity is based on the immunity of its employee. *See Antu v. Eddy,* 914 S.W.2d 166, 174 (Tex.App.—San Antonio 1995, no writ). For these reasons, we grant the City's motion.

---

1. The denial of summary judgment based on official immunity is a permissible interlocutory appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1996).

## Conclusion

First, we grant Davis's motion for extension of time in which to file his brief as of the date it was filed, August 23, 1996. Second, we deny Bynum's motions to dismiss the appeal. Finally, we grant the City's motion to adopt Davis's brief.