Reversed and Remanded and Opinion filed April 14, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00092-CV

___________________

 

THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER
AT HOUSTON, Appellant

 

V.

 

ANITA CROWDER, Individually and as the
Personal Representative of the Estate of CHARLES THOMAS; ROSEMARY THOMAS and
COLUMBUS THOMAS, Appellees



 



 

On
Appeal from the 61st District Court

Harris County,
Texas



Trial Court Cause No. 2009-26579

 



 

 

OPINION

            The wife and parents of a man who died following
surgery at a hospital sued a governmental unit, a doctor employed by the unit,
and other defendants, asserting wrongful death and survival claims based on the
alleged negligence of the attending anesthesiologist and an anesthesiology
resident employed by the governmental unit.  The trial court denied the governmental
unit’s motion to dismiss the claims against its employee under section 101.106(e)
of the Texas Civil Practice and Remedies Code.  Applying precedent from the
Supreme Court of Texas, we conclude that the trial court erred in denying this motion. 
For this reason, we reverse and remand with instructions for the trial court to
dismiss the claims against the employee of the governmental unit.

                             I. 
Factual and Procedural Background     

            Charles Thomas, a 27-year-old
athlete, checked into Memorial Hermann Hospital on
February 20, 2007, for a scheduled, elective, arthroscopic surgery on his
hip.  Dr. Catherine Uzoni-Boecker,
the attending anesthesiologist, ordered a lumbar plexus block, a specific type
of anesthesia.  Under Dr. Uzoni-Boecker’s supervision, an anesthesiology
resident, Dr. Katherine Blalock Hagan, administered the anesthetic.  Dr. Hagan
allegedly injected the anesthetic, ropivacaine, directly into Thomas’s vein,
allegedly causing cardiopulmonary failure and complications that, on April 24,
2007, resulted in Thomas’s death.  

            Appellee/plaintiff
Anita Crowder, Thomas’s widow, filed suit against Dr. Uzoni-Boecker,
appellant/defendant The University of Texas Health Science Center at Houston
(hereinafter, the “Health Science Center”), The University of Texas Medical
Foundation, Memorial Hermann Hospital System, and Memorial Hermann Healthcare
System.  Crowder alleged that the defendants’ negligence proximately caused her
husband’s injuries and death, and she sought damages under the wrongful-death
and survival statutes.  Thomas’s parents, appellees/intervenors Rosemary Thomas
and Columbus Thomas (hereinafter, the “Parents”) intervened, asserting wrongful-death
claims similar to the wrongful-death claim asserted by Crowder.  Neither
Crowder nor the Parents sued Dr. Hagan.  

            The Health Science
Center filed a plea to the jurisdiction asserting governmental immunity.[1]  The Health
Science Center also filed a motion under section 101.106(e) of the Texas Civil
Practice and Remedies Code,[2]
seeking dismissal of the claims against Dr. Uzoni-Boecker.  The Health Science
Center later supplemented this motion and also sought dismissal of the claims
against Dr. Uzoni-Boecker under section 101.106(a).  Crowder and the Parents (hereinafter
collectively the “Claimants”) opposed this motion.  The trial court denied the Health
Science Center’s motion, and the Health Science Center has filed an
interlocutory appeal.  

II.  Analysis

            In its sole
appellate issue, the Health Science Center asserts that the trial court erred
in denying the Health Science Center’s motion to dismiss the claims against Dr.
Uzoni-Boecker under section 101.106(e).

A.        Does this court
have appellate jurisdiction?

            The Health Science
Center asserts that we have jurisdiction over this interlocutory appeal under section
51.014(a)(5).  See Tex. Civ.
Prac. & Rem. Code Ann.  § 51.014(a) (West 2008).  This statute
allows a person to appeal from an interlocutory order of a district court that
(1) denies (2) a motion for summary judgment (3) that is based on an assertion
of immunity (4) by an individual who is an officer or employee (5) of the state
or a political subdivision of the state.  See id. 

The order
from which the Health Science Center seeks to appeal is an interlocutory order
in which a district court denied the Health Science Center’s motion.  But, the Health
Science Center’s motion was a motion to dismiss under section 101.106(e); the Health
Science Center did not assert a motion for summary judgment.  The Supreme Court
of Texas has not yet addressed whether a person can appeal the denial of a
motion to dismiss, rather than a motion for summary judgment, under section
51.014(a)(5).[3] 
Though the Texas intermediate courts of appeals are split on this issue, we are
bound to follow this court’s precedent holding that one can appeal the denial
of a motion to dismiss under section 51.014(a)(5).  See Phillips v. Dafonte,
187 S.W.3d 669, 674–75 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding
that a person can appeal under 51.014(a)(5) even though the person asserted a
motion to dismiss rather than a motion for summary judgment), disapproved on
other grounds by Franka v. Velasquez, —S.W.3d—, —, 2011 WL 182198,
at *9, n.67 (Tex. Jan. 21, 2011). But see Austin State Hosp. v. Graham,
319 S.W.3d 905, 907–08 (Tex. App.—Dallas 2010, pet. filed) (holding that, under
51.014(a)(5), a person cannot appeal the denial of a motion to dismiss based on
section 101.106(e) because section 51.014(a)(5) applies only to denials of
summary-judgment motions). 

Another issue
is whether the dismissal of the claims against an employee under section
101.106(e) is a dismissal based upon immunity.  We are bound by this court’s
prior precedent concluding that a section 101.106(e) dismissal is based upon
immunity.  See Singleton v. Casteel, 267 S.W.3d 547, 549–50 (Tex.
App.—Houston [14th Dist.] 2008, pet. denied); see also Franka,
2011 WL 182198, at *2, n.9 (concluding that section 101.106(f) is an immunity
statute). 

In addition,
under section 101.106(e), the governmental unit moves for dismissal of the
claims against its employee; the employee does not move for dismissal.  See
Tex. Civ. Prac. & Rem. Code Ann. §
101.106(e) (West 2005).  Consistent with this statute, the Health Science
Center rather than Dr. Uzoni-Boecker moved to dismiss the claims against Dr.
Uzoni-Boecker, and the Health Science Center is the only party seeking to
appeal from the denial of this motion.  This raises an issue as to whether the Health
Science Center, which is not an officer or employee of the state or of a
political subdivision of the state, can appeal under section 51.014(a)(5).  One
can appeal the denial of a motion “that is based on an assertion of
immunity by an individual . . .” under section
51.014(a)(5); this statute does not state that the motion must have been filed
by the individual asserting immunity.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a).  In some
cases, a person other than the individual asserting immunity may not have
standing to move for dismissal based upon the assertion of immunity by an
individual who is an officer or employee of the state or a political
subdivision of the state.  Nonetheless, under the plain meaning of section 51.014(a)(5)
and under a prior holding of the Supreme Court of Texas, if a party has
standing to seek dismissal based upon the assertion of immunity by such an
individual, then that party can appeal under of section 51.014(a)(5) even
though the party is not such an individual.  See id.; City of Beverly
Hills v. Guevara, 904 S.W.2d 655, 656 (Tex. 1995) (holding that city could
appeal denial of its summary-judgment motion under of section 51.014(a)(5),
even though its employee did not file any summary-judgment motion, because the
city sought dismissal based on the employee’s official immunity); Hidalgo
County v. Gonzalez, 128 S.W.3d 788, 791 (Tex. App.—Corpus Christi 2004, no
pet.) (holding that county could appeal denial of its summary-judgment motion
under of section 51.014(a)(5), though it was not an officer or employee in case
in which the county sought dismissal based on the employee’s official
immunity).[4] 
In her trial court answers, Dr. Uzoni-Boecker pleaded the provisions of section
101.106.  As provided by section 101.106(e), the Health Science Center moved to
dismiss the claims asserted against Dr. Uzoni-Boecker.  See Tex. Civ. Prac. & Rem. Code Ann. §
101.106(e).  We conclude that the Health Science Center had standing to move
for a dismissal of the claims against Dr. Uzoni-Boecker and that the Health
Science Center’s motion to dismiss was based on an assertion of immunity by Dr.
Uzoni-Boecker.

As to Dr.
Uzoni-Boecker’s employee status, in its motion to dismiss, the Health Science
Center presented evidence that Dr. Uzoni-Boecker was an employee of the Health
Science Center when care was rendered to Charles Thomas in February 2007.  The
Claimants did not present any evidence to the contrary, and in their responses
in the trial court, they agreed that Dr. Uzoni-Boecker was employed by the Health
Science Center at the time of the surgery.[5] 
On this record, we conclude that, as a matter of law, Dr. Uzoni-Boecker was an
employee of the Health Science Center in February 2007, when care was rendered
to Charles Thomas.  

Finally,
under the text of section 51.014(a)(5), to appeal under this statute the Health
Science Center must be “the state or a political subdivision of the state.” Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5). 
The Health Science Center is a state agency,[6]
and the Supreme Court of Texas has held that a state agency is not a political
subdivision of the state.  See Tex. Dep’t of Transp. v. City of Sunset
Valley, 146 S.W.3d 637, 643–44 (Tex. 2004) (concluding that statutory term
“state agency” did not include political subdivisions and that state agencies
exercise jurisdiction throughout the state while political subdivisions have
jurisdiction only in a portion of the state); Monsanto Co. v. Cornerstone
Mun. Utility Dist., 865 S.W.2d 937, 940 (Tex. 1993) (stating that state
agencies exercise jurisdiction throughout the state while political
subdivisions of the state have jurisdiction only in a portion of the state). 
Though the Health Science Center is not a political subdivision of the state, the
Supreme Court of Texas has held that state agencies fall within the undefined
term “the state” in section 51.014(a)(5).  See Klein v. Hernandez, 315
S.W.3d 1, 2–3, 8 (Tex. 2010) (holding that an employee of a state agency is an
“employee of the state” under section 51.014(a)(5)); see also Monsanto
Co., 865 S.W.2d at 939–40 (concluding that undefined term “state” in a
statute included state agencies but not political subdivisions).  Therefore,
the Health Science Center falls under the undefined term “the state” in section
51.014(a)(5).  See Klein, 315 S.W.3d at 2–3, 8.

For the
reasons stated above, this appeal satisfies all the required elements for an
appeal under section 51.014(a)(5), and this court has appellate jurisdiction to
review the trial court’s order denying the Health Science Center’s motion to
dismiss under section 101.106(e).  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a).  

B.        Did
the trial court err in denying the Health Science Center’s section 

101.106(e) motion?

 

Subsections (e) and (f) of section 101.106 provide as
follows:

 

(e)
If a suit is filed under this chapter against both a governmental unit and any
of its employees, the employees shall immediately be dismissed on the filing of
a motion by the governmental unit.  

 

(f)
If a suit is filed against an employee of a governmental unit based on conduct
within the general scope of that employee’s employment and if it could have
been brought under this chapter against the governmental unit, the suit is
considered to be against the employee in the employee’s official capacity only. 
On the employee’s motion, the suit against the employee shall be dismissed
unless the plaintiff files amended pleadings dismissing the employee and naming
the governmental unit as defendant on or before the 30th day after the date the
motion is filed.

 

Tex.
Civ. Prac. & Rem. Code Ann. §
101.106.  

            The undisputed
evidence before the trial court proved as a matter of law that Dr.
Uzoni-Boecker was an employee of the Health Science Center and that she was acting
within the scope of her employment in February 2007, when care was rendered to
Charles Thomas.  The Health Science Center is a state agency and a governmental
unit for the purposes of section 101.106.[7] 
The Claimants filed suit against the Health Science Center, Dr. Uzoni-Boecker,
and others, alleging as follows:

·       
On February 20, 2007, Charles Thomas went to Memorial Hermann
Hospital for a scheduled elective arthroscopic surgery on his hip.  

 

·       
Dr. Catherine Uzoni-Boecker, the attending anesthesiologist for
the procedure, ordered a lumbar plexus block, a specific type of anesthesia.  

 

·       
Under Dr. Uzoni-Boecker’s supervision, an anesthesiology
resident, Dr. Katherine Blalock Hagan, administered the anesthetic. Dr. Hagan
allegedly injected the anesthetic, ropivacaine, directly into Thomas’s vein, allegedly
causing cardiopulmonary failure and complications that resulted in Thomas’s
death on April 24, 2007.

 

·       
The Health Science Center is vicariously liable for the acts and
omissions of Dr. Hagan. The death of Charles Thomas and the Claimants’ damages were
caused by the Health Science Center’s negligence through a condition, use, or
misuse of tangible personal property such that the governmental unit would,
were it a private person, be liable to the Claimants under Texas law.  

 

·       
Dr. Hagan breached her negligence duty to Charles Thomas by (1)
injecting anesthetic into Thomas’s vein, (2) failing to follow appropriate
procedures to avoid the injection of anesthetic into Thomas’s vein, (3)
undertaking a procedure for which she was unqualified and not properly trained,
(4) using and misusing the tools of the procedure by injecting anesthetic into
Thomas’s vein, and (5) using or misusing tangible personal property, including
a needle and anesthetic. 

 

·       
Dr. Uzoni-Boecker breached her negligence duty to Charles Thomas
by (1) failing to prescribe an adequate course of treatment, (2) failing to
prescribe the proper medication, (3) failing to properly train Dr. Hagan in the
proper procedure for administering a lumbar plexus block, (4) failing to
properly supervise Dr. Hagan in performing the lumbar plexus block, (5)
choosing a lumbar plexus block when it was not indicated or necessary, (6)
choosing a lumbar plexus block when the risks of the procedure outweighed the
benefits, (7) failing to inform Thomas that the risks of the procedure
outweighed the benefits, (8) failing to properly supervise Dr. Hagan before,
during, and after the procedure, (9) failing to ensure that the injecting
needle was properly in place and located in Thomas’s body before the anesthetic
was injected, and (10) failing to ensure that Thomas was adequately monitored.

 

            In one paragraph
in her petition, Crowder alleges that Dr. Uzoni-Boecker was acting in the
course and scope of her “employment and/or agency with one or more of the
[defendants other than Dr. Uzoni-Boecker].”  Crowder then asserts that “as a
result of their employment and/or agency relationship, one or more of the
above-named defendants is vicariously liable for Defendant [sic] Uzoni-Boecker
and Hagan’s negligent acts and omissions.”  The Parents’ petition contains no
such allegation.  For the purposes of our analysis, we presume that the
Claimants are seeking liability against the Health Science Center based only on
the alleged negligence of Dr. Hagan and that the Claimants are not basing their
claims against the Health Science Center on any alleged acts or omissions of
Dr. Uzoni-Boecker.  In addition, the alleged acts or omissions of Dr.
Uzoni-Boecker would not provide a basis for claims against the Health Science
Center within any of the waivers of immunity in the Texas Tort Claims Act.  See
Tex. Civ. Prac. & Rem. Code Ann.
§§ 101.021, 101.022 (West 2005 & West Supp. 2010).  The Claimants
assert that, under this scenario, they have not filed suit against Dr.
Uzoni-Boecker “under this chapter” within the meaning of section 101.106(e).  See
Tex. Civ. Prac. & Rem. Code Ann. §
101.106(e) (stating “[i]f a suit is filed under this chapter against both
a governmental unit and any of its employees”) (emphasis added).  Subsection (e)
is the only subsection of section 101.106 that refers to a suit under the Texas
Tort Claims Act being filed against an employee of a governmental unit; all
other references are to a suit under the Texas Tort Claims Act being filed
against the governmental unit.  See id. § 101.106(a), (c), (e).  

In construing a statute, our objective is to determine
and give effect to the Legislature’s intent.  See Nat’l Liab. & Fire
Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000).  We must ascertain that
intent, if possible, from the language the Legislature used in the statute and
not look to extraneous matters for an intent the statute does not state.  Id. 
If the meaning of the statutory language is unambiguous, we adopt the
interpretation supported by the plain meaning of the provision’s words.  St.
Luke’s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997).  We must
not engage in forced or strained construction; instead, we must yield to the
plain sense of the words the Legislature chose.  See id.  Legislative intent is gleaned from the statute as a
whole, and a statute is interpreted to give effect to every part of the whole. 
State ex rel. State Dep’t of Highways & Public Transp. v. Gonzalez, 82
S.W.3d 322, 327 (Tex. 2002).  These are important rules because they foster a
jurisprudence grounded in statutory text.  But we do not invoke these rules
today because, in a
series of opinions, the most recent of which is Franka v. Velasquez, the Supreme Court of Texas has interpreted
section 101.106.  See 2011 WL 182198, at *4–8.  Though Franka
involved the application of section 101.106(f), the Franka opinion
contains judicial dicta that bind this court.  See id. at *7–11; Edwards
v. Kaye, 9 S.W.3d 310, 314 (Tex. App—Houston [14th Dist.] 1999, pet.
denied) (discussing doctrine of judicial dicta).  Because the Franka opinion
determines the outcome of this issue, we do not apply general canons of
construction to section 101.106, as we would if there were no such higher-court
authority.

            In Franka,
the plaintiffs sued two doctors alleging negligence, but the plaintiffs did not
sue the governmental unit that employed the doctors.  See Franka, 2011
WL 182198, at *1–2.  The governmental unit had not been sued, so subsection (f)
of section 101.106 applied rather than subsection (e).  See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e),(f). 
Because the plaintiffs were not suing the governmental unit, they necessarily
were not seeking to impose liability on the governmental unit under a
respondeat superior theory, just as the Claimants are not seeking to impose
liability on the Health Science Center based on the alleged negligence of Dr.
Uzoni-Boecker.  In determining whether the trial court erred in denying Dr.
Franka’s motion under subsection (f), the Franka court stated that, if a
plaintiff sues both the governmental unit and its employee, then under
subsection (e), the claims against the employee must be dismissed, even if the
governmental unit’s immunity has not been waived.  See Franka, 2011 WL
182198, at *8.  The Franka court then concluded that there was no reason
why an employee should be entitled to a dismissal if sued with the governmental
unit but not if sued alone.  See id.

            The Franka
court stated that there should be a consistency between subsections (e) and
(f).  See id.  Though the Claimants are not alleging that Dr.
Uzoni-Boecker’s purportedly negligent conduct occurred within the scope of her
employment with the Health Science Center, the undisputed evidence proves that the
Claimants filed suit against Dr. Uzoni-Boecker based on conduct within the
scope of her employment with the Health Science Center.  Under the Franka
court’s construction of subsection (f), these claims against Dr. Uzoni-Boecker
could have been brought against the Health Science Center under the Texas Tort
Claims Act.  See id. at *7–8.  Therefore, applying the Franka
court’s construction of subsection (f), if the Claimants had sued only Dr.
Uzoni-Boecker, then she would be entitled to dismissal of the claims against
her under subsection (f).[8] 
See id.  Under the Franka court’s reasoning, because Dr.
Uzoni-Boecker would be entitled to dismissal of the claims against her if she were
sued alone, she also must be entitled to dismissal of the claims against her
under subsection (e) if she is sued with the Health Science Center, as in the
case under review.  See id.  Therefore, under Franka, if a
plaintiff sues a governmental unit and its employee, asserting claims against
the employee based on conduct within the general scope of her employment, and
if the plaintiff could have but did not assert common-law tort claims against
the governmental unit based on the employee’s alleged conduct, then this case
constitutes a suit “filed under this chapter against both a governmental unit
and any of its employees” within the meaning of subsection (e).  Tex. Civ. Prac. & Rem. Code Ann. §
101.106(e).  See id. at *8.    

            The Claimants
argue that the Legislature’s enactment of the current version of section
101.106 cannot be construed as abrogating Kassen v. Hatley; but, the Franka
court expressly concluded that by enacting the current version of section
101.106 in 2003, the Legislature abrogated the rule announced in the Kassen case,
in which the Supreme Court of Texas decided that government-employed personnel do not have official immunity
regarding their alleged negligence in the exercise of medical discretion in the
treatment of patients.  See id. at *9–11; Kassen v. Hatley, 887
S.W.3d 4, 11 (Tex. 1994).

            The Claimants also
assert that construing subsection (e) to require dismissal of their claims
against Dr. Uzoni-Boecker would give blanket immunity to all government
employees for damages caused by their common-law torts.  But the Franka
court expressly concluded that, by enacting the current version of section
101.106 in 2003, the Legislature made whatever remedy the Tort Claims Act
provides against the governmental unit a claimant’s exclusive remedy for damages
allegedly caused by common-law torts committed by a government employee in the
scope of her employment. See Franka, 2011 WL 182198, at *10–11.  

            The Claimants also
rely upon this court’s opinion in Phillips v. Dafonte, 187 S.W.3d 669,
675–77 (Tex. App.—Houston [14th Dist.] 2006, no pet.), as well as other cases
employing a similar analysis.  But the portions of these cases upon which the
Claimants rely are contrary to Franka, and the Franka court
disapproved them.  See Franka, 2011 WL 182198, at *9, n.67.    

            In the trial
court, the Claimants asserted that if section 101.106(e) were construed to
require dismissal of their claims against Dr. Uzoni-Boecker, then this statute
would violate the Open Courts provision of the Texas Constitution by abrogating
their common-law negligence claims against a government-employed doctor based
on the doctor’s alleged negligence in the exercise of medical discretion.  See
Tex. Const. art. I, § 13 (stating
that “[a]ll courts shall be open, and every person for an injury done him, in
his lands, goods, person or reputation, shall have remedy by due course of
law”).  On appeal they assert this argument as a basis for affirming the trial
court’s denial of the Health Science Center’s 101.106(e) motion.  But the
Claimants have no right to redress under the Open Courts provision because none
of their claims is a cognizable common-law claim, which is a requirement for
protection under this constitutional provision.  See Diaz v. Westphal,
941 S.W.2d 96, 100 (Tex. 1997) (holding that wrongful death and survival claims
based on medical negligence were statutory claims rather than common-law claims
and therefore were not entitled to protection under the Open Courts provision);
Bala v. Maxwell, 909 S.W.2d 889, 893 (Tex. 1995) (same as Diaz); Rose
v. Doctors Hosp., 801 S.W.2d 841, 845 (Tex. 1990) (same as Diaz as
to wrongful death claims).  Therefore, the trial court erred to the extent it
determined that construing section 101.106(e) to require dismissal of the claims
against Dr. Uzoni-Boecker would violate the Open Courts provision of the Texas
Constitution.

III.  Conclusion

            For the foregoing
reasons, we conclude that under Franka, the Claimants have filed suit
under the Texas Tort Claims Act against both Dr. Uzoni-Boecker and her
employer, the Health Science Center, within the meaning of section 101.106(e). 
See id. at *7–11.  Therefore, the trial court reversibly erred by
denying the Health Science Center’s motion to dismiss under this statute.[9]  See id. 
Accordingly, we sustain the Health Science Center’s sole appellate issue,
reverse the trial court’s order, and remand with instructions that the trial
court grant the Health Science Center’s motion to dismiss all claims against
Dr. Uzoni-Boecker under section 101.106(e).

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of Justices
Anderson, Frost, and Brown.









[1]
The record indicates that the trial court has not yet ruled on this plea. 





[2]
Unless otherwise stated, all statutory references in this opinion are to the
Texas Civil Practice and Remedies Code. 





[3]
In Franka v. Velasquez, the Supreme Court of Texas concluded that two
doctors could appeal the trial court’s denial of their motions under section
101.106(f); but, these motions were summary-judgment motions, so the Franka
court did not address whether a person can appeal the denial of a motion to
dismiss under section 51.014(a)(5).  See —S.W.3d—, —, 2011 WL 182198, at
*2 & n.9 (Tex. Jan. 21, 2011).





[4] In a case that did not involve an attempt to appeal
under section 51.014(a)(5), the Supreme Court of Texas stated that only an
individual who is an officer or employee of the state or a political
subdivision of the state may appeal under section 51.014(a)(5).  See Texas A
& M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 843 (Tex. 2007).  But, the Koseoglu
case involved section 51.014(a)(8) rather than section 51.014(a)(5), and that
case did not involve section 101.106.  See id.  In addition, the Koseoglu
court did not address or disapprove of the Supreme Court of Texas’s opinion in City
of Beverly Hills v. Guevara.  See id.; City of Beverly Hills,
904 S.W.2d at 656. We conclude that these statements from the Koseoglu
court are obiter dicta.  

 





[5]
On appeal, Crowder concedes that Dr. Uzoni-Boecker was an employee of the Health
Science Center when the surgery was performed; but, the Parents have not made
this concession on appeal.





[6] On appeal, the Health Science Center has asserted in
its statement of facts that it is a state agency, and the appellees have not
contradicted this statement.  See Tex.
R. Civ. P. 38.1(g).  This is consistent with statutes and cases
indicating that the Health Science Center is a state agency.  See Tex. Educ. Code Ann. § 65.02(a) (West
Supp. 2010) (stating that the Health Science Center is an institution that is
part of The University of Texas System); Univ. of Tex. Sw. Med. Center at
Dallas v. Loutzenhiser, 140 S.W.3d 351, 354, n.5 (Tex. 2004) (indicating
that institution that was a part of The University of Texas System was a state
agency); Bagg v. Univ. of Tex. Med. Branch at Galveston, 726 S.W.2d 582,
584 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.) (concluding that an
institution that is part of The University of Texas System is a state agency), disapproved
on other grounds by, City of Elsa v. M.A.L., 226 S.W.3d 390, 391–92
(Tex. 2007).

 





[7] On appeal, the Health Science Center has asserted in
its statement of facts that it is a state agency and a governmental unit under
the Texas Tort Claims Act, and the appellees have not contradicted this
statement.  See Tex. R. Civ. P.
38.1(g).  A state agency falls within the definition of governmental unit.  See
Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(A) (West 2005) (defining “governmental
unit” as used in section 101.106 to include state agencies).

 

 





[8]
Claims based on waivers of sovereign immunity that exist apart from the Texas
Tort Claims Act are not brought under the Texas Tort Claims Act.  See
Franka, 2011 WL 182198, at *7.  But the Claimants have not pleaded any
claims based on waivers of sovereign immunity that exist apart from the Texas
Tort Claims Act.





[9]
We do not address whether the trial court erred in denying the Health Science
Center’s motion to dismiss under section 101.106(a).