FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

06/12/15 3:11:01 PM

KEITH E. HOTTLE
Clerk

# Exhibit "1"

## WILLIAM MARSH RICE UNIV. V. THOMAS
## No. 01-14-00908-CV, 2015 Tex. App. LEXIS 5661
## (Tex. App. — Houston [1st Dist.] 2015)

# William Marsh Rice Univ. v. Thomas

Court of Appeals of Texas, First District, Houston

June 4, 2015, Opinion Issued

NO. 01-14-00908-CV

## Reporter

2015 Tex. App. LEXIS 5661

WILLIAM MARSH RICE UNIVERSITY, RICE UNIVERSITY POLICE DEPARTMENT, AND OFFICER HENRY CASH, Appellants v. MICHAEL CLAYTON THOMAS, Appellee

**Prior History:** [*1] On Appeal from the 80th District Court, Harris County, Texas. Trial Court Case No. 2013-06667.

## Core Terms

immunity, arrest, protective order, parties, summary judgment, peace officer, police department, violating, duties, commissioned, entitled to summary judgment, summary judgment motion, officer's, discretionary, interlocutory appeal, trial court, good faith, Directive, entity, affirmative defense, university police, ministerial, probable

## Case Summary

### Overview

HOLDINGS: [1]-The denial of defendants' summary judgment motion was improper in plaintiff's action alleging that he was improperly arrested on campus because the officer was performing a discretionary act; [2]-The evidence relied on by the officer established that he had probable cause to believe that plaintiff was violating a protective order before the arrest, and plaintiff did not raise a fact issue as to the existence of probable cause or the requirements of the department's General Directive; [3]-By attempting to keep the peace, protect campus employees and the general public, and arrest an individual believed to be violating a protective order, the officer was discharging the type of duties generally assigned to him, Tex. Educ. Code Ann. § 51.212(b)(1) (2012).

### Outcome

Judgment reversed and rendered.

## LexisNexis® Headnotes

Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders

*HN1* See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Supp. 2015).

Education Law > Administration & Operation > School Safety > Security Personnel

Governments > Local Governments > Police Power

*HN2* The Civil Practice and Remedies Code does not define "officer of the state," and the Education Code does not

specifically state that a peace officer commissioned by a private educational institution is an officer of the state. But the Education Code does provide that any officer commissioned under the provisions of Tex. Educ. Code Ann. § 51.212 (2012), is vested with all the powers, privileges, and immunities of peace officers if the officer (1) is on the property under the control and jurisdiction of the commissioning institution, § 51.212(b)(1) (2012). Indeed, officers commissioned under Tex. Educ. Code Ann. ch. 51 are explicitly included in the definition of "peace officers" in the Code of Criminal Procedure, Tex. Code Crim. Proc. Ann. art. 2.12(8) (2014).

Education Law > Administration & Operation > School Safety > Security Personnel

Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders

*HN3* The "officer of the State" language in Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Supp. 2015), applies to private university peace officers, specifically including those commissioned under Tex. Educ. Code Ann. § 51.212 (2012). An employer may rely on its employee's assertion of immunity for purposes of invoking interlocutory appellate jurisdiction under Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5).

Civil Procedure > ... > Defenses, Demurrers & Objections > Affirmative Defenses > Immunity

Civil Procedure > Appeals > Summary Judgment Review > Standards of Review

*HN4* Because official immunity is an affirmative defense, the parties must conclusively establish each element of the defense. Appellate courts apply the same standard for reviewing the denial of summary judgment where there is an assertion of immunity as they do for the granting of summary judgment.

Civil Procedure > Appeals > Summary Judgment Review > Standards of Review

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine Disputes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Legal Entitlement

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts

*HN5* The standard of review for summary judgments is well-established. Appellate courts review the trial court's ruling de novo. The courts take as true all evidence favorable to the nonmovant, and they indulge every reasonable inference and resolve any doubts in the nonmovant's favor. The party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law, Tex. R. Civ. P. 166a.

Education Law > Administration & Operation > School Safety > Security Personnel

*HN6* Any officer commissioned under the provisions of Tex. Educ. Code Ann. § 51.212 (2012) is vested with all the powers, privileges, and immunities of peace officers if the officer satisfies any of several

conditions, one of which is that he is on the property under the control and jurisdiction of the respective private institution of higher education, § 51.212(b)(1). Indeed, an officer commissioned under § 51.212(a) is a "peace officer." Under § 51.212(c), an officer commissioned under that section must take and file the oath required of peace officers and execute and file a good and sufficient bond conditioned on officer's fair, impartial, and faithful performance of officer's duty.

Governments > Local Governments > Police Power

Governments > Local Governments > Employees & Officials

Governments > Local Governments > Claims By & Against

Torts > Public Entity Liability > Immunities > Qualified Immunity

**HN7** Government employees, such as peace officers, are entitled to immunity from suit arising from the performance of (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. Common law official immunity is based on the necessity of public officials to act in the public interest with confidence and without the hesitation that could arise from having their judgment continually questioned by extended litigation. The public would suffer if government officials, who must exercise judgment and discretion in their jobs, were subject to civil lawsuits that second-guessed their decisions.

Torts > Public Entity Liability > Immunities > Qualified Immunity

**HN8** To establish an official immunity defense, the following three elements must be established: the performance of (1) discretionary duties (2) in good faith (3) while acting within the scope of his authority.

Torts > Public Entity Liability > Immunities > Qualified Immunity

Governments > Local Governments > Police Power

**HN9** Discretionary actions are those that require personal deliberation, decision and judgment. By contrast, ministerial actions require obedience to order or the performance of a duty as to which the actor is left no choice. Ministerial acts are those where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment. The investigatory duties of peace officers have been held to fall within those actions considered discretionary. Further, if, how, and when to arrest a suspect is within a police officer's discretion.

Torts > Public Entity Liability > General Overview

**HN10** To determine whether a public official acted in good faith, courts use the objective standard and ask whether a reasonably prudent official, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred. The standard of good faith as an element of official immunity is not a test of carelessness or negligence, or a measure of an official's motivation. This test of good faith does not inquire into what

a reasonable person would have done, but into what a reasonable person could have believed.

Torts > Public Entity Liability > General Overview

*HN11* An official acts within the scope of his authority if he is discharging the duties generally assigned to him.

Governments > Local Governments > Police Power

Governments > Local Governments > Employees & Officials

Torts > Public Entity Liability > Immunities > Sovereign Immunity

*HN12* Official immunity directly protects only the individual officer, not the entity that employs him. But when the officer establishes that he is entitled to that defense, the employer is entitled to assert it, as well. A private entity is entitled to assert any affirmative defenses its employee has to liability. It would serve no legislative purpose to declare a waiver of sovereign immunity when the basis of liability is respondeat superior and the acts of the employee are covered by official immunity.

**Judges:** Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

**Opinion by:** Harvey Brown

## Opinion

### MEMORANDUM OPINION

Michael Clayton Thomas sued William Marsh Rice University, the Rice University Police Department, and Henry Cash, a Rice University police officer, alleging that he was improperly arrested on the Rice campus. The defendants moved for summary judgment, arguing that Cash and, by extension, the police department and university (collectively, "Rice parties") are entitled to official immunity, which the trial court denied. The Rice parties now appeal from the trial court's order denying their motion. Because the Rice parties were entitled to summary judgment, we reverse and render judgment that Thomas take nothing.

### Background

In November 2011, Officer Cash responded to a radio call from the university police department's dispatcher that "a man [on the Rice campus] may be violating a protective order by attempting to contact his wife or words to that effect." He encountered Thomas at the BioScience Research Center building, identified himself, and spoke with Thomas. Thomas gave his name and stated that [*2] he was there to see his wife. Officer Cash asked Thomas if a protective order existed, and Thomas did not deny that such an order existed. Officer Cash then handcuffed Thomas out of concern for his own safety and that of the public and took him to the building security office.

Officer Cash then conducted an investigation, during which he spoke with Thomas's wife, who stated that she had a protective order against Thomas. Officer Cash next called the district attorney's office and spoke to an assistant district attorney, who said the district attorney's office would verify the existence of the protective order and would accept charges

against Thomas for violating the order. Officer Cash then arrested Thomas for violating a protective order.

Thomas's vehicle was towed from the Rice University garage where he had parked, and officers transported Thomas to the Harris County jail. While Thomas was being processed at the jail, the officers learned that the order against him was not a protective order, but a mutual restraining order, violation of which did not permit Thomas's arrest. Officers then took Thomas back to the university campus, and he took a taxi to the lot where his car had been [*3] towed.

Thomas sued the Rice parties for negligence; false arrest; false imprisonment; intentional infliction of emotional distress; conversion of his vehicle; violations of the United States Constitution under Chapter 42, Section 1983, of the United States Code; violations of the Texas Constitution; battery; damage to his vehicle; and malicious prosecution. The Rice parties moved for a traditional summary judgment, arguing that the doctrine of official immunity barred Thomas's claims against Officer Cash. Because Thomas based his claims against the university and the department on theories of vicarious liability for Officer Cash's actions, the Rice parties argued that summary judgment was also proper on those claims.

The trial court denied the Rice parties' motion, and the Rice parties now appeal that order.

**Jurisdiction over this Interlocutory Appeal**

In their first issue, the Rice parties argue that we have jurisdiction over this interlocutory appeal pursuant to Section 51.014(a)(5) of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (West Supp. 2015). That statute provides,

> **HN1** A person may appeal from an interlocutory order of a district court . . . that: . . . denies a motion for summary judgment that is based on an assertion of immunity [*4] by an individual who is an officer or employee of the state or a political subdivision of the state.

*Id.* According to the Rice parties, Officer Cash is a peace officer commissioned under Section 51.212 of the Education Code and, as a peace officer, is or should be treated as an "officer . . . of the state." They conclude that he is therefore entitled to an interlocutory appeal under Section 51.014(a)(5). Thomas responds that we have no jurisdiction to hear this interlocutory appeal, as Officer Cash "is not an officer or employee of the state."

**HN2** The Civil Practice and Remedies Code does not define "officer . . . of the state," and the Education Code does not specifically state that a peace officer commissioned by a private educational institution is an "officer of the state." But the Education Code does provide that "[a]ny officer commissioned under the provisions of [Section 51.212] is vested with all the powers, privileges, and immunities of peace officers if the officer (1) is on the property under the control and jurisdiction of the" commissioning institution, as Officer Cash was when he detained Thomas. TEX. EDUC. CODE ANN. §

51.212(b)(1) (West 2012) (emphasis added). Indeed, officers commissioned under Chapter 51 of the Education Code are explicitly included in the definition [*5] of "peace officers" in the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 2.12(8) (West 2014).

The Supreme Court of Texas recently resolved this issue in *William Marsh Rice University v. Refaey*, No. 14-0048, 2015 Tex. LEXIS 351, 2015 WL 1869890 (Tex. Apr. 24, 2015) (per curiam). Refaey was arrested by a Rice University police officer for driving while intoxicated, obstructing a roadway, and evading arrest. 2015 Tex. LEXIS 351, 2015 WL 1869890, at *1. The Harris County District Attorney's office later dismissed all charges. *Id.* Refaey sued the arresting officer and the university for false imprisonment, negligence, assault, and intentional infliction of emotional distress. *Id.* The officer and university moved for summary judgment on the grounds that the officer was entitled to the defense of official immunity. *Id.* The trial court denied the motion, and the defendants filed an interlocutory appeal pursuant to Section 51.014(a)(5). *Id.* The court of appeals dismissed the appeal for lack of jurisdiction, holding that the officer was not an "officer or employee of the state," and therefore had no standing to appeal under that section. *Id.*

The Supreme Court reversed, holding that *HN3* "the 'officer . . . of the state' language in Section 51.014(a)(5) applies to private university peace officers," specifically including those commissioned under Section 51.212 of the Education Code. 2015 Tex. LEXIS 351, [WL] at *4. It therefore concluded that the court [*6] of

appeals had jurisdiction over the officer's interlocutory appeal. *Id.* Turning to the university's appeal, the Court noted that "an employer may rely on its employee's assertion of immunity for purposes of invoking interlocutory appellate jurisdiction under Section 51.014(a)(5)." *Id.* (citing *City of Beverly Hills v. Guevara*, 904 S.W.2d 655, 656 (Tex. 1995) (per curiam)). It then held that the court of appeals had jurisdiction over the university's appeal, as well. *Id.*

The Supreme Court's holding in *Refaey* is dispositive of the Rice parties' first issue. Because Officer Cash is an "officer . . . of the state" within the meaning of Section 51.014(a)(5), we have jurisdiction over his appeal. *See id.* Because the university and the police department based their own motions for summary judgment and their own standing to appeal on Officer Cash's assertion of immunity, we also have jurisdiction over their appeal. *See id.* Accordingly, we sustain the Rice parties' first issue and proceed to the merits of the motion for summary judgment.

## Rice Parties' Motion for Summary Judgment

In their second issue, the Rice parties argue that the trial court erred by denying their motion for summary judgment, which presented a single issue: whether Officer Cash and, by extension, the university and its police [*7] department are entitled to

summary judgment on the affirmative defense of official immunity.[1]

## A. Standard of review and applicable law

*HN4* Because official immunity is an affirmative defense, the Rice parties must conclusively establish each element of the defense. *Kassen v. Hatley*, 887 S.W.2d 4, 8 (Tex. 1994); *Saade v. Villarreal*, 280 S.W.3d 511, 522 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd); *see also Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156-57 (Tex. 2004). "We apply the same standard for reviewing the denial of summary judgment where there is an assertion of immunity as we do for the granting of summary judgment." *Welch v. Milton*, 185 S.W.3d 586, 593 (Tex. App.—Dallas 2006, pets. denied); *see also Saade*, 280 S.W.3d at 522; *Bartlett v. Cinemark USA, Inc.*, 908 S.W.2d 229, 233 (Tex. App.—Dallas 1995, no writ).

*HN5* The standard of review for summary judgments is well-established. We review the trial court's ruling de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). "[W]e take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Knott*, 128 S.W.3d at 215. The party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a; *Knott*, 128 S.W.3d at 215-16.

*HN6* "Any officer commissioned under the provisions of [Section 51.212 of the Education Code] is vested with all the powers, privileges, [*8] and immunities of peace officers if the officer" satisfies any of several conditions, one of which is that he "is on the property under the control and jurisdiction of the respective private institution of higher education." Tex. Educ. Code Ann. § 51.212(b)(1). Indeed, an officer commissioned under Section 51.212(a) of the Education Code *is* a "peace officer." *Id.* § 51.212(a); Tex. Code Crim. Proc. Ann. art. 2.12(8) (West 2014) (defining "peace officers"); *see also* Tex. Educ. Code Ann. § 51.212(c) (officer commissioned under that section must "take and file the oath required of peace officers" and "execute and file a good and sufficient bond" conditioned on officer's fair, impartial, and faithful performance of officer's duty).

*HN7* "Government employees, such as peace officers, are entitled to immunity from suit arising from the performance of (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *City of Columbus v. Barnstone*, 921 S.W.2d 268, 272 (Tex. App.—Houston [1st Dist.] 1995, no writ); *see Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994); *Tex. Dep't of Pub. Safety v. Rodriguez*, 344 S.W.3d 483, 488 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The Supreme Court of Texas has explained the policy purpose of the doctrine of official immunity as follows: "Common law official immunity is based on the necessity of

---

[1] The motion also requested summary judgment on Thomas's defamation claim as barred by the statute of limitations. That cause of action, however, does not appear in Thomas's live pleading and is therefore abandoned.

public officials to act in the public interest with confidence and without the hesitation that could arise from having their judgment continually questioned [*9] by extended litigation." *Ballantyne*, 144 S.W.3d at 424. "The public would suffer if government officials, who must exercise judgment and discretion in their jobs, were subject to civil lawsuits that second-guessed their decisions." *Id.* (quoting *Kassen*, 887 S.W.2d at 8).

## B. Officer Cash's Defense of Official Immunity

*HN8* To establish his official immunity defense, Officer Cash must establish three elements: the performance of (1) discretionary duties (2) in good faith (3) while acting within the scope of his authority. *Ballantyne*, 144 S.W.3d at 424; *Chambers*, 883 S.W.2d at 653; *Rodriguez*, 344 S.W.3d at 488.

## 1. Discretionary Act

*HN9* "Discretionary actions are those that require personal deliberation, decision and judgment." *Ervin v. James*, 874 S.W.2d 713, 716 (Tex. App.—Houston [14th Dist.] 1994, writ denied). By contrast, "[m]inisterial actions require obedience to order or the performance of a duty as to which the actor is left no choice." *Id.* "Ministerial acts are those 'where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'" *Sw. Bell Tel., L.P. v. Emmett*, No. 13-0584, 2015 Tex. LEXIS 274, 2015 WL 1285326, at *7 (Tex. Mar. 20, 2015) (quoting *Chambers*, 883 S.W.2d at 654).

"The investigatory duties of peace officers have been held to fall within those actions considered discretionary." *City of Columbus*, 921 S.W.2d at 272. Further, "[i]f, how, and when to arrest a suspect is within a police officer's discretion." *Dallas Area Rapid Transit v. Carr*, 309 S.W.3d 174, 178 (Tex. App.—Dallas 2010, pet. denied); *see City of Columbus*, 921 S.W.2d at 272.

Thomas argues that Officer Cash's decision to arrest him could not have been [*10] discretionary for three reasons: (1) there was no probable cause to arrest him; (2) Rice police department policy required Officer Cash to verify the existence of a valid protective order before making an arrest, and that requirement imposed a ministerial duty; and (3) Officer "Cash's defense that he acted because the [district attorney] told him the [district attorney] would verify the protective order is suspect" for a variety of reasons which are repetitive of his other two arguments. In his brief, these arguments overlap and are all based on whether Officer Cash properly verified the existence of the protective order, in accordance with Rice police procedures. Because the court order involved was a restraining order, violation of which did not permit Thomas's arrest, Thomas reasons that Officer Cash could not have believed that probable cause existed when he arrested Thomas.

Thomas relies on the fact that Officer Cash did not definitively determine whether the order was a protective order or a restraining order until after the arrest, which he contends violates Rice University Police Department General Directive 08(B)(2) and a resulting ministerial duty. The General

Directive[2] states, [*11] in relevant part, "When probable cause [exists] to believe a person has committed an action which violates the terms of a valid Protective Order, prior to arrest, verification of existence of Protective Order will be made." According to Thomas, this section of the General Directive imposed a ministerial duty on Officer Cash to definitively confirm the existence of a protective order, either by contacting other law enforcement agencies or by reviewing the order himself.

The same section of the General Directive provides two means by which an officer "may" obtain information on a Protective Order—each of which consists of asking another law enforcement agency—but does not specify that any particular method must be used. It also provides that "[p]hysical possession [of a] Protective Order is not necessary." The directive does not "leave nothing to the exercise of discretion or judgment" with respect to the manner of verification and [*12] therefore does not impose a ministerial duty. *Emmett*, 2015 Tex. LEXIS 274, 2015 WL 1285326, at *7; *Chambers*, 883 S.W.2d at 654.

The evidence relied on by Officer Cash establishes that he had probable cause to believe that Thomas was violating a protective order before the arrest, and Thomas has not raised a fact issue as to the existence of probable cause or the requirements of the department's General Directive. We hold that the evidence conclusively establishes that, in questioning, detaining, and arresting Thomas, Officer Cash was performing a discretionary act.

## 2. Good Faith

*HN10* "To determine whether a public official acted in good faith, we use the objective standard adopted in *Chambers* and ask whether a reasonably prudent official, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred." *Ballantyne*, 144 S.W.3d at 426; *Chambers*, 883 S.W.2d at 656. "The standard of good faith as an element of official immunity is not a test of carelessness or negligence, or a measure of an official's motivation." *Ballantyne*, 144 S.W.3d at 426. "This test of good faith does not inquire into 'what a reasonable person *would have done*,' but into 'what a reasonable [person] *could have believed*.'" *Id.* (quoting *Telthorster v. Tennell*, 92 S.W.3d 457, 465 (Tex. 2002)); *see Chambers*, 883 S.W.2d at 656-57.

Officer Cash presented his own affidavit detailing [*13] the steps he took to investigate whether a protective order existed. He also presented an affidavit from Chief Steven McGee, police chief for Texas Christian University's Police Department, in which Chief McGee opined that Officer Cash's beliefs and behavior were those of a reasonable police officer under the circumstances at the time of Thomas's arrest. The only evidence to which Thomas cites in response is his own testimony that,

---

[2] The copy in the record, which Thomas attached to his response to the Rice parties' motion for summary judgment, is not authenticated. Neither party addresses this fact in its briefs. We will assume without deciding that the document was properly before the trial court.

after Officer Cash took him to the Rice police station, "one of the officers held the papers and said, 'You violated this order, that's why you're being under arrest,'" and an unauthenticated recording of the dispatcher's radio call.[3] He has not identified any evidence that Officer Cash *could not* reasonably have believed that Thomas was violating a protective order at the time of the arrest. He therefore failed to raise a fact issue to survive summary judgment on this basis. *See Ballantyne*, 144 S.W.3d at 426; *Telthorster*, 92 S.W.3d at 465; *Chambers*, 883 S.W.2d at 656-57.

### 3. Scope of Officer Cash's Duties

*HN11* "An official acts within the scope of [his] authority if [he] is discharging the duties generally assigned to [him]." *Chambers*, 883 S.W.2d at 658. Thomas did not challenge the "scope of duty" element of the defense of official immunity in his response to the Rice parties' motion for summary judgment. Nonetheless, on appeal, he argues,

> It is undisputed that [Officer Cash's] authority and duties did not include the authority to disregard the written mandated policies of his employer, did not include the authority to disregard the express written order of a district judge, [and] did not include the authority to make a false statement to the DA's representative. Therefore, [Officer

Cash] was outside the scope of his authority when he arrested [Thomas].

The above statements constitute the entirety of his argument on this point. Thomas does not cite any authority or evidence in support of this theory.

Officer [*15] Cash introduced evidence, in the form of his own affidavit and that of Chief McGee, that he arrested Thomas in the course of discharging his duties as a peace officer at Rice University. And for the reasons we have already discussed, there is no evidence that, at the time that he arrested Thomas, Officer Cash "disregard[ed]" any mandatory policies of his employer or a court order. Nor is there any evidence that Officer Cash's statements to the district attorney's office—that he believed a protective order existed and that he did not have a copy of that order—were false, much less that Officer Cash knew they were false when making them.[4]

By attempting to keep the peace, protect campus employees and the general public, and arrest an individual believed to be violating a protective order, Officer Cash was discharging the type of duties generally assigned to him. *Cf. City of Lancaster*, 883 S.W.2d at 658. Recasting those actions as being negligently performed or in violation of department protocols does [*16] not remove them from

---

[3] According to Thomas, the recording describes the order in question as a "restraining order," not a "protective order." But the recording itself is not in the record. Thomas attached to his response to the motion for summary judgment only a photocopy of a CD case and CD purportedly **[*14]** containing the recording. Although his response stated that he would file a copy of the disc itself, he did not do so. There is thus no evidence in the record, other than Officer Cash's affidavit, of what the dispatcher said or what Officer Cash heard in the dispatcher's radio call.

[4] We need not and do not opine on whether, if such evidence existed, it would suffice to meet Thomas's burden to demonstrate the existence of a genuine issue of material fact as to whether Officer Cash acted within the scope of his duties.

the officer's scope of authority. *Id.; Harris Cnty. v. Ochoa*, 881 S.W.2d 884, 888 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (officer's pursuit of suspect was act within scope of authority, even if wrongly or negligently performed).

Officer Cash adduced evidence sufficient to meet his evidentiary burden to obtain summary judgment, and Thomas did not raise any issues of material fact as to any element of Officer Cash's defense. We therefore hold that Officer Cash conclusively proved his entitlement to the defense of official immunity and was entitled to summary judgment.

### C. The University and Police Department's Entitlement to Summary Judgment

The Rice parties argue that they are entitled to summary judgment because Thomas's claims against them all rest on theories of vicarious liability. Thomas argues that Officer Cash cannot prove the elements of his affirmative defense and, therefore, the university and police department are not entitled to summary judgment. We have already held that Officer Cash has proven his defense. Thus, the only question remaining is whether the university and its police department are entitled to summary judgment due to Officer Cash's official immunity.

**HN12** Official immunity directly protects only the individual officer, not the [*17] entity that employs him. *E.g., DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995). But when the officer establishes that he is entitled to that defense, the employer is entitled to assert it, as well. *Id.* at 654; *see Refaey*, 2015 Tex. LEXIS 351, 2015 WL 1869890, at *4.

No Texas case appears to address the precise situation before us, in which a private entity, such as an educational institution, may assert as a defense the fact that its employee established a defense of official immunity.[5] Binding precedent, however, is entirely clear that a private entity is "entitled to assert any affirmative defenses its employee has to liability." *DeWitt*, 904 S.W.2d at 654. In *DeWitt v. Harris County*, 904 S.W.2d 650 (Tex. 1995), the Supreme Court addressed the question "whether a governmental entity may have respondeat superior liability under section 101.021(2) of the Texas Tort Claims Act for the negligence of its employee when the employee possesses official immunity" and answered it in the negative. *Id.* at 651. Although the employer in that case was a governmental entity, the Court based its holding in part on whether a governmental entity should be treated differently than a private one. *Id.* at 654. It reasoned that, if Harris County "were a private person, [it] would be entitled to assert any affirmative defenses its employee has to liability." *Id.* It concluded that it "would serve no legislative purpose [*18] to declare a waiver of sovereign immunity when the basis of liability is respondeat superior and the acts of the employee are covered by official immunity." *Id.* The Court therefore held that the county was entitled to judgment on the basis of its employee's official immunity. *Id.*

---

5 Although *Refaey* involved a similar fact pattern, the Supreme Court did not reach the merits of the motion for summary judgment, and the court of appeals has not yet issued its opinion on remand.

The Court reaffirmed this logic in its recent opinion in *Refaey* when it held that the university "may rely on its [peace officer] employee's assertion of immunity for purposes of invoking interlocutory appellate jurisdiction under section 51.014(a)(5)." *Refaey*, 2015 Tex. LEXIS 351, 2015 WL 1869890, at *4 (citing *City of Beverly Hills*, 904 S.W.2d at 656 (relying on the reasoning of *DeWitt*, 904 S.W.2d at 654)). That holding would have no practical impact unless the university is also entitled to rely on the officer's assertion of immunity for purposes of the underlying motion for summary judgment. There is no reason in this case to depart from the logic of *DeWitt* and *Refaey* by holding that the university and police department cannot assert the same defense as their employee.

We hold that the university and its police department were entitled to summary [*19] judgment.

## Conclusion

The Rice parties were entitled to summary judgment because Officer Cash established the defense of official immunity and all of Thomas's claims against the university or the police department are derivative of his claims against Officer Cash. We reverse the order of the trial court and render judgment that Thomas take nothing by his claims. We dismiss all pending motions as moot.

Harvey Brown

Justice