Neal **HILLIARD** et al., Appellants,

v.

Rosario **MESSINA**, Appellee.

No. 4073.

Court of Civil Appeals of Texas.

Eastland.

June 10, 1966.

Rehearing Denied June 24, 1966.

C. C. Divine, Houston, for appellants.

Louis A. Pontello, Jr., Houston, for appellee.

WALTER, Justice.

Neal Hilliard and C. C. Divine filed a trespass to try title suit against Rosario Messina in Cause Number 666,269 in the 157th District Court of Harris County. In a nonjury trial, on June 1, 1965, the court rendered a take nothing judgment against the plaintiffs. No appeal was perfected from that judgment. Thereafter, Hilliard and Divine filed another trespass to try title suit involving the same property against the same defendant in Cause Number 676,329 in the 129th District Court of Harris County. On September 24, 1965, the court found that the take nothing judgment rendered in the first case was res judicata as to all issues involved and dismissed plaintiffs' case. It is from this order that the plaintiffs appeal. Plaintiffs filed a motion for a new trial in which they asserted:

"The verdict is contrary to the evidence in that the undisputed evidence showed that this Defendant did not own or have anything to do with or any right in the premises of the plaintiff."

Appellants' point of error is as follows:

POINT OF ERROR

*First Point*

"The judgment of dismissal of plaintiff's cause of action in Cause No. 676,329 on the grounds of res judicata is error of the trial court for the following:

a. Pleadings of the defendant fail to specially set up an affirmative defense of res judicata.

b. Plaintiff's pleading alleged other, different and additional facts and points of law.

c. Plaintiff's refusal to proceed in the prior suit numbered 666,269 and its dismissal was no more than a non-suit by plaintiff.

d. The trial court upon granting plaintiff a non-suit and dismissing his cause of action in cause 666,269, is not authorized to grant judgment to the defendant thereafter in the same cause of action except upon a cross-action or counter claim.

e. The granting of a non-suit to plaintiff does not preclude a subsequent filing of the cause of action."

No statement of facts has been filed by appellants. In the absence of a statement of facts, we must presume that sufficient evidence was introduced to support the findings of the court. Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683, (1951). No findings of fact or conclusions of law were requested by appellants. Where no findings of fact or conclusions of law have been filed, we must assume that the trial court's findings were all in support of its judgment. City of Abilene v. Meek, 311 S.W.2d 654, (writ ref.). Our Supreme Court in Permian Oil Company v. Smith, 73 S.W.2d 490, at page 496, said:

"The doctrine has been thoroughly settled by repeated decisions of the courts of this state, that a judgment in an action of trespass to try title that plaintiff take nothing by his suit is an adjudication that the title to the land involved is in the defendant, and such a judgment is equally as effective for that purpose as one expressly vesting title in the defendant."

We find no merit in appellants' point of error. It is overruled. Appellee pleaded res judicata and asserted that the judgment in the first suit was a bar to the present suit. In so far as these parties are concerned, the judgment in cause number 666,269 vested title to the property in appellee.

The judgment is affirmed.