**Homero YZAGUIRRE, Appellant,**

v.

**Benito MEDRANO and John F. Ryan, Appellees.**

No. 04–89–00328–CV.

Court of Appeals of Texas, San Antonio.

Feb. 28, 1990.

Rehearing Denied March 29, 1990.

John Pope, Pope & Guerrero, Rio Grande City, for appellant.

Teresa A. Hunter, Laredo, for appellees.

Before CHAPA, BIERY and CARR, JJ.

OPINION

CHAPA, Justice.

Appellant, Homero Yzaguirre, who was plaintiff below, appeals a summary judgment granted in favor of appellees, Benito Medrano and John F. Ryan. The suit involves trespass to try title of a piece of real property, which has been involved in numerous prior litigations.

The issue before this court is whether the trial judge erred in granting the summary judgment. We affirm.

In 1976, in Cause Number 1032, Francisco Ramirez sued two nephews, one of whom was the appellant, to set aside and cancel certain deeds pertaining to the prop-

---

erty in question.[1] Appellant was granted a Partial Dismissal for Want of Prosecution with Prejudice against Ramirez in 1978.

In 1979, in Cause Number 1241, Ramirez attempted to reassert his claim against appellant and the other nephew, to set aside and cancel the deeds involved in Cause Number 1032, through a Bill of Review. On October 11, 1979, the court granted Ramirez a Partial Summary Judgment against appellant, cancelling the deed involving two tracts of land, which included the property in question. On January 22, 1980, the court granted a summary judgment for the other nephew against Ramirez. On January 29, 1980, the court granted Ramirez a nonsuit against his nephews as to the remaining claims. Although appellant filed a Motion to Set Aside the Partial Summary Judgment granted in favor of Ramirez on October 11, 1979, the record and appellant are silent as to the outcome and it was apparently not pursued. The judgment of October 11, 1979 against appellant became final and no appeal was taken by appellant in that cause.

On September 10, 1981, in Cause Number 1479, appellant not only attacked the judgment in Cause Number 1241 by filing a Bill of Review but also included the appellees as well as Ramirez as defendants and added an action for Trespass to Try Title, again involving the property in question. On January 7, 1983, the court granted Ramirez and the appellees a summary judgment against appellant "disposing of all issues, and all parties", denying the bill of review "in all things, and holding that the judgments heretofore rendered in connection with the proceeding were final in all things". The court further expressly provided that "IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT all other relief which is prayed for by HOMER YZAGUIRRE is hereby expressly denied" and that "this Summary Judgment is a final order and judgment of this court,

disposes of all issues and parties, in this cause ..."

This summary judgment of the 7th of January, 1983 was appealed by appellant to this court, and this court issued an unpublished opinion on March 28, 1984 in Appeal No. 04-83-00072-CV. In the opinion, this court reviewed the history of this controversy commencing with Cause Number 1032 to the matter which was the subject of the appeal. The court concluded that "[t]he trial court below properly did not consider the merits of this two-fold attack [bill of review and tresspass to try title] on the Cause 1241 judgment" because "[a]ppellant has not alleged facts showing absence of fault or negligence on his part", that the appellant should have pursued an appeal having had the opportunity, that the summary judgment was proper, and that "appellant's objections to the judgment in Cause 1241 cannot be considered. The judgment in Cause 1241 is final." Appellant concedes that "[t]he Supreme Court of Texas thereafter denied Appellant's Application For Writ of Error."

On November 21, 1988, appellant again filed a Trespass to Try Title action against the appellees involving the same property in the prior litigations. On June 26, 1989, the court granted appellees a summary judgment and ordered that appellant "take nothing by [his] suit against the Defendants BENITO MEDRANO AND JOHN F. RYAN," and that "[a]ll relief requested and not expressly granted is denied." This summary judgment is the subject of the appeal before this court.

■ Generally, the appellee in a summary judgment appeal has the burden of establishing that as a matter of law there is no genuine issue of fact. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). However, "[n]o longer must the movant negate all possible issues of law and fact that could be raised by the nonmovant in the trial court but were not

---

1. Both parties infer that all the causes of action described herein included the property in question. There being no suggestion otherwise by either party, this court will accept this as correct. TEX.R.APP.P. 74(f).

[cites omitted], the non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal." *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 679 (Tex.1979). Moreover, where the summary judgment evidence establishes an affirmative defense as a matter of law, then "the burden [is] on the [non-movant], if it wished to avoid the granting of summary judgment against it, to adduce evidence raising a fact issue" which would defeat the affirmative defense established by the movant. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

"It has long been the rule in this State that in a trespass to try title suit, the plaintiff must recover upon the strength of his own title. [cites omitted] If the plaintiff under the circumstances fails to establish his title, the effect of a judgment of take nothing against him is to vest title in the defendant. The rule is a harsh one, but it also has been well established as a rule of land law in this State."

*Hejl v. Wirth* 161 Tex. 609, 343 S.W.2d 226 (1961).

Once such a judgment against a plaintiff has become final, a claim of res judicata will lie as to all subsequent claims involving any issue in the first case between the same parties. *Hilliard v. Messina*, 404 S.W.2d 824 (Tex.Civ.App.—Eastland 1966, no writ).

It is elementary that if in a former suit an issue which goes to the foundation and existence of a cause of action has been litigated, such issue cannot be again litigated in a later suit, regardless of the form it may take.... Although the judgment of the court was, as we formely held, only a denial of the right to recover the particular land there in controversy, it's estoppel is much broader, and concludes the parties upon every question which was directly in issue, and was passed upon by the court in arriving at its judgment.

*Mayfield Co. v. Rushing*, 133 Tex. 120, 127 S.W.2d 185, 187 (Tex.Comm'n App.1939, opinion adopted).

The Texas Supreme Court has "steadfastly adhered" to the rule that "an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties in a case" *North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966) (citations omitted). Furthermore, where a judgment has been "legally investigated and determined" by "the court of last resort ... [t]he better rule in such case[s] is that the affirmance included and finally determined every question involved in the appeal, whether noticed by the court or not." *Sweatman v. Stratton*, 74 Tex. 76, 11 S.W. 1055, 1056 (1889).

■ This record clearly shows that the same property, issues, and parties involved in this latest trespass to try title suit (Cause No. 2456) which is before this court, were all finally resolved in Cause No. 1479 before the trial court, and in Cause No. 04–83–00072–CV before this court. The trial court's final judgment in Cause No. 1479 clearly stated that appellant's "bill of review is denied in all things", that "all other relief which is prayed for by HOMERO YZAGUIRRE is hereby expressly denied", and that the judgment "is a final order and judgment of this court, disposes of all issues and parties, in this cause ..." Thus, this judgment, upon becoming final vested title to the property in question in appellees. *Hejl*, 343 S.W.2d at 226. The judgement, upon being affirmed by this court and writ being denied by the supreme court, had run its course to the court of last resort. Thus, it became final as to every issue involved and also vested title to the property in question in appellees. *North East School Dist.*, 400 S.W.2d at 897–98; *Sweatman*, 11 S.W. at 1056.

Consequently, since the judgment in Cause No. 1479 finally vested title to the property in appellees, the defenses of res judicata and estoppel by judgment were proper in any subsequent claims involving the same issues between the parties. *Hejl*,

343 S.W.2d at 226; *Hillard*, 404 S.W.2d at 825. Appellees here established valid res judicata and estoppel by judgment defenses as a matter of law before the trial court in their motion for summary judgment, and it became the burden of appellant to raise a fact issue which would defeat appellee's defenses, if he was to avoid the granting of the summary judgment against him. *"Moore" Burger, Inc.*, 492 S.W.2d at 937.

Before this court, appellant contends that he has succeeded in his burden because:

1) "No evidence was presented by Appellees to show their chain of title, and, after having done this to show that their title was superior."

2) "[T]he Courts in the previous cases failed to consider and review the three requirements for a Bill of Review case ... there remain fact issues as to who has the superior title."

3) "[T]he summary judgment proof in this case failed to establish that 'except as to the amount of damages there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law,' as required by Rule 166a(c), Texas Rules of Civil Procedure."

4) "The evidence in support of Appellees' Motion for Summary Judgment did not establish their right to a judgment as a matter of law. (cites omitted) None of the evidence offered in support of Appellees' Motion for Summary Judgment negated one or more of the elements of Appellant's case. They (appellees) did not disprove, as a matter of law, at least one element of Appellant's Cause of Action."

5) A judgment in a prior case under Cause No. 953 raises issues of fact.

Initially, we note that the issue of whether Cause No. 953 raised issues of fact was not presented to the trial court, and may not be raised on appeal for the first time. *City of Houston*, 589 S.W.2d at 679.

In appellant's 3rd and 4th contentions, he merely makes general allegations that appellees have failed to comply with the requirements of Rule 166, but fails to sufficiently set out issues of fact that would defeat appellees res judicata and estoppel defenses.

In appellant's 2nd contention, he merely reiterates the complaints he has heretofore made which have already been reviewed and rejected by this court in Cause No. 04-83-00072-CV. Appellant has again failed to sufficiently set out issues of fact that would defeat appellees res judicata and estoppel defenses which were established as a matter of law before the trial court in the motion for summary judgment.

In appellant's last contention, he merely argues that no evidence was presented by the appellees of their superior titles. Clearly, the summary judgment evidence heretofore outlined, established that all the issues involved in appellant's present trespass to try title cause of action have been heretofore finally resolved in Cause No. 1479 favorable to the appellees. The result is as a matter of law, that title of the property in question was vested in appellees when that judgment became final. Consequently, appellees' summary judgment evidence established as a matter of law their res judicata and estoppel by judgment defenses. Appellant, on the other hand, failed in his burden of raising a fact issue that would defeat appellees affirmative defenses.

Therefore, the judgment must be affirmed.

