Harry A. SPRING, Appellant,

v.

Linda BOLLEN, et al., Appellees.

No. 10–96–070–CV.

Court of Appeals of Texas, Waco.

Aug. 30, 1996.

Rehearing Overruled Oct. 2, 1996.

Steven E. Rogers, Alan L. Busch, Law Offices of Alan L. Busch, P.C., Dallas, Robert A. "Bob" Gammage, Austin, for appellant.

Thomas G. Farrier and Len A. Wade, Murphy, Mahon, Keffler & Farrier, L.L.P., Fort Worth, John MacLean and Terri Wilson, MacLean & Boulware, Cleburne, for appellees.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Harry Spring and his attorney, Steven Rogers, (Appellants) seek relief from an interlocutory temporary injunction ordering (1) Spring and Rogers to deposit certain funds in the Johnson County district clerk's registry and (2) Rogers to turn over his "Oil Suit legal file" pending determination of privilege and discovery issues.

The bond and record were timely filed. TEX.R.APP. P. 42(a)(3). Appellants filed a motion to extend the time to file their brief, saying that although the court reporter had been paid in full, they had not received a copy of the statement of facts. Linda Bollen (Appellee) controverted the motion, supported by an affidavit of the court reporter. The court reporter avers that the copy of the statement of facts was ready on April 8, the date it was filed with this court. Although she communicated this to Appellants on that date, she was not paid for the copy until April 30. Following our decision in *City of Beverly Hills v. Guevara,* we denied the motion for extension of time. 886 S.W.2d 833, 834–35 (Tex.App.—Waco 1994) (unlike Rule 54(c), Rule 42 has no specific mechanism for extensions of time to file record and briefs in accelerated appeals), *rev'd on other grounds,* 904 S.W.2d 655 (Tex.1995).

Appellants then filed a motion asking us to consider their late-filed brief. We did not act on this motion, but scheduled the case for oral argument. Because we can determine from the record that Appellants failed to "reasonably explain" their failure to timely file their brief, we now deny the motion. TEX.R.APP. P. 42(a)(3).

We cannot reverse for unassigned error. *Allright, Inc. v. Pearson,* 735 S.W.2d 240, 240 (Tex.1987). Because Appellants' brief was not timely filed and cannot be considered because the failure was not reasonably explained, we have no assignments of error. The order granting the temporary injunction is affirmed. TEX.R.APP. P. 42(a)(3), 60.