ACCEPTED
04-14-00579-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/2/2015 5:26:04 PM
KEITH HOTTLE
CLERK

**NO. 04-14-00579-CV**

IN THE FOURTH COURT OF APPEALS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/2/2015 5:26:04 PM
KEITH E. HOTTLE
Clerk

JAY KAY BEAR, LTD. AND JOHN M. KILLIAN,
*Defendants-Appellants/Cross-Appellees*

v.

PATTY MARTIN,
*Plaintiff-Appellee/Cross-Appellant*

From the District Court of Bexar County
45th Judicial District of Texas
No. 2011-CI-11890

---

**REPLY BRIEF OF CROSS-APPELLANT**

---

> PATRICIA M. OVIATT
> State Bar No. 24046571
> COKINOS, BOSIEN & YOUNG
> 10999 West IH-10, Suite 800
> San Antonio, Texas  78230
> (210) 293-8700 (Office)
> (210) 293-8733 (Fax)
> poviatt@cbylaw.com
>
> ATTORNEYS FOR APPELLEE/
> CROSS-APPELLANT, PATTY MARTIN

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Plaintiff / Appellee / Cross-Appellant**
   Patty Martin

2. **Trial and Appellate Counsel for Plaintiff / Appellee / Cross-Appellant**
   Patricia M. Oviatt
   COKINOS, BOSIEN & YOUNG
   10999 West IH-10, Suite 800
   San Antonio, Texas 78230
   (210) 293-8700 (Office)
   (210) 293-8733 (Fax)
   poviatt@cbylaw.com

3. **Defendants / Appellants / Cross-Appellees**
   Jay Kay Bear, Ltd. and John M. Killian

4. **Trial Counsel for Defendants / Appellants / Cross-Appellees**
   Phil Watkins
   PHIL WATKINS, P.C.
   926 Chulie Drive
   San Antonio, Texas 78216
   (210) 225-6666 (Office)
   (210) 225-2300 (Fax)
   Phil@PhilWatkins.com

i

5. **Appellate Counsel for Defendants / Appellants / Cross-Appellees**
Beth Watkins
Beth.Watkins@WatkinsAppeals.com
Shannon Dunn
Shannon.Dunn@WatkinsAppeals.com
LAW OFFICE OF BETH WATKINS
926 Chulie Drive
San Antonio, Texas  78216
(210) 225-6666 (Office)
(210) 225-2300 (Fax)
Beth.Watkins@WatkinsAppeals.com

*/s/ Patricia M. Oviatt*

PATRICIA M. OVIATT
ATTORNEYS OF RECORD FOR
PLAINTIFF / APPELLEE / CROSS-
APPELLANT, PATTY MARTIN

# TABLE OF CONTENTS

SUMMARY OF THE REPLY ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Killian is Precluded from Responding to Patty Martin's Brief. . . . . . 5

    B.    Martin Conclusively Established Killian's Fraud. . . . . . . . . . . . . . . 8

        1.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        2.    All Elements Satisfied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
            a.    Documents Speak for Themselves. . . . . . . . . . . . . . . . . 8
            b.    All Liens Released. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
            c.    No more liens. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    C.    Cross-Appellees Fail to Offer any Competent Evidence to Negate Martin's Fraud Claims .. . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        1.    Attorney Immunity Doctrine. . . . . . . . . . . . . . . . . . . . . . . 11
        2.    Unsupported Expert Testimony. . . . . . . . . . . . . . . . . . . . . 12
        3.    Inadmissable Hearsay. . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        4.    Fact Issues Not Presented at Trial. . . . . . . . . . . . . . . . . . . 14

    D.    Killian Failed to File a Timely Response to Challenge Patty Martin's Fraudulent Lien Claims. . . . . . . . . . . . . . . . . . . . . . . . . 16

    E.    Martin Conclusively Established Her  Fraudulent Lien Claims. . . . 17

        1.    1st Element – Knowledge the Document is a Fraudulent Lien or Claim against Real Property. . . . . . . . . . . . . . . . . . . . 17
        2.    2nd Element – Intent the Document have Same Effect as Valid Lien or Claim against Property. . . . . . . . . . . . . . . . . . 19
        3.    3rd Element – Intent to cause Plaintiff  Injury. . . . . . . . . . . 20

    F.    Cross-Appellees Fail to Offer any Competent Evidence to Negate Martin's Fraudulent Lien Claims. . . . . . . . . . . . . . . . . . . . . 20

   1.  Unsupported Expert Testimony. . . . . . . . . . . . . . . . . . . . . . . 20

   2.  Loan of Money. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

 G. Patty Martin Conclusively Established that the Trial Court
   Abused its Discretion by Failing to Grant her Motion to Modify
   the Modified Final Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . 21

 H. Patty Martin Conclusively Established  that the Trial Court Erred
   in Failing to Grant her Attorneys Fees. . . . . . . . . . . . . . . . . . . . . 23

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

APPENDIX

 Order entered by Justice Patricia O. Alvarez, January 28, 2015. . . . . . Tab A

 Order entered, *per curiam*, March 27, 2015. . . . . . . . . . . . . . . . . . . . . . Tab B

 Order entered by Justice Patricia O. Alvarez, May 1, 2015. . . . . . . . . . Tab C

 Corrected Order entered by Justice Patricia O. Alvarez,
 May 28, 2015. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab D

# INDEX OF AUTHORITIES

**CASES:**

*BMC Software Belf., N.V. v. Marchand*, 83 S.W. 3d 789 (Tex. 2002). . . . . . 6, 8, 17

*Cantey Hanger, LLP v. Byrd, et al*, No. 13-0861, 58 Tex. Sup. Ct. J. 35, 2015 WL 3976267 (Tex. June 26, 2015)åäàXÅ\XÅÅ. . . . . . . . . . . . . . . 2, 11, 12

*Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498 (Tex. App.—Austin 1991, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*City of San Antonio v. Bynum*, 933 S.W.2d 651 (Tex. App.–San Antonio 1996, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Flood v. Katz*, 294 S.W.3d 756 (Tex. App.-Dallas 2009, reh. denied).. . . . . . . . 10

*Gulf Oil Corp. v. Southland,* 478 S.W.2d 583, 591 (Tex. App.–El Paso 1972, aff'd. 496 S.W.2d 547 (Tex. 1973) ). . . . . . . . . . . . . . . . . . . . . . . . . . 16, 21

*N. P. Anderson Cotton Exchange, L.P. v. Potter*, 230 S.W.3d 457 (Tex. App. - Fort Worth 2007, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Poole v. Hous. & T.C. Ry. Co.*, 58 Tex. 134 (Tex. 1882). . . . . . . . . . . . . . . . . . 12

*Resendez v. Schwartz*, 940 S.W.2d 715 (Tex. App—El Paso 1997, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sixth RMA Partners v. Sibley*, 111 S.W.3d 46 (Tex. 2003). . . . . . . . . . . . . . . . 8, 17

*Smith v. Reid*, 2015 WL 3895465 (Tex. App–San Antonio, 2015, no pet.). . . . . . 11

*Spring v. Bowen*, 928 S.W.2d 780 (Tex. App—Waco 1996, no writ). . . . . . . . . . 7

*Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006). . . . . . . . . . . . 23

*World Help v. Leisure Lifestyles,* Inc., 977 S.W.3d 662  (Tex. App.-Ft. Worth 1998, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Yzaguirre v. Medrano*, 786 S.W.2d 88, 91 (Tex. App.–San Antonio 1990, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**STATUTES AND RULES:**

TEX. CIV. PRAC. & REM. CODE § 12.002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. R. APP. P. 10.5(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11, 12

TEX. R. APP. P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

TEX. R. APP. P. 38.6 (b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEX. R. APP. P. 38.6 (d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08 (h). . . . . . . . . 16, 21

**NO. 04-14-00579-CV**

IN THE FOURTH COURT OF APPEALS

---

JAY KAY BEAR, LTD. AND JOHN M. KILLIAN,
                    *Defendants-Appellants/Cross-Appellees*

v.

PATTY MARTIN,
                    *Plaintiff-Appellee/Cross-Appellant*

---

From the District Court of Bexar County
45th Judicial District of Texas
No. 2011-CI-11890

---

## REPLY BRIEF OF CROSS-APPELLANT

---

TO THE FOURTH COURT OF APPEALS:

PATTY MARTIN ("Martin" or "Cross-Appellant"), files this Reply Brief of Cross-Appellant, in response to Brief of Cross-Appellees Jay Kay Bear, Ltd. And John M. Killian. For the reasons that follow, Martin respectfully requests that the Court's Modified Final Judgment of the District Court of Bexar County, 45th Judicial District of Texas, be reversed as to the court's denial of Martin's requested relief, and judgment be entered in favor of Martin, or in the alternative, remanded to the trial court for further proceedings.

1

## SUMMARY OF THE REPLY ARGUMENT

Appellant and Cross-Appellee, John M. Killian ("Killian") failed to comply with the Court's Order to file his Cross-Appellee's brief by March 30, 2015, nor did he join in the two motions to extend the filing deadline to May 13, 2015. As such, the Court should decline to consider the arguments presented by Killian in Cross-Appellees' Brief ("Killian's Brief") filed on May 13, 2015 and reverse and render judgment against him as requested by Appellee and Cross-Appellant, Patty Martin ("Martin").

Should the Court choose to accept Killian's Brief as timely filed, the Court should not consider his attorney immunity doctrine defense as Killian failed to assert this defense in the underlying case and therefore it is waived. Nonetheless, this defense does not apply to fraud committed outside the scope of an attorney's representation of his client. *Cantey Hanger, LLP v. Byrd, et al*, No. 13-0861, 58 Tex. Sup. Ct. J. 35, 2015 WL 3976267 (Tex. June 26, 2015) at *6. Killian was not advocating for the clients he represented at mediation when he told Martin that all liens were released and there would be no further liens. Killian was not representing any clients when he used an out of date lien held by his company, Jay Kay Bear, to foreclose on one of the properties awarded to Martin at mediation. Nor was Killian furthering his clients cause of action when he drafted and entered into documents

giving Jay Kay Bear lien interests in all the properties awarded to Martin at mediation. Killian's assertion of this defense simply does not immune him of his fraudulent liability to Martin.

Cross-Appellees waived their right to present facts that were not presented to the trial court and therefore they cannot be considered on appeal. Cross-Appellees expend considerable effort to include facts and evidence outside the trial court's record to defend Killian's fraudulent conduct. They cite hearsay and case law to establish what they believe Martin relied upon and if she was defrauded by Killian. They offer numerous arguments that do not have anything to do with Martin's appeal, i.e. should Zyco, Inc. have released a lien, the false representations of "BMI and Dullye; the negotiation of non-recourse language; BMI's failure to release liens; BMI's breach of its agreement. These arguments cannot distract this Court from the clear evidence before it. Killian committed fraud and this Court should reverse the trial court's Judgment.

Cross-Appellees similarly struggle to offer any evidence to refute the fraudulent liens filed by Killian. They offer hypothetical opinions from their expert and insuate that Martin's own actions indicate it was okay for BMI to lend money to Jay Kay Bear. These are arguments meritless arguments that have nothing to do with

3

this cause of action. The substantial evidence offered by Martin supports a reversal of the trial court's judgment.

The Court should also not be swayed by Cross-Appellees' attempts to twist Martin's arguments offered in support of the modification of the trial court's Judgment. Martin is requesting the Court determine superiority of two competing foreclosure sale deeds. Cross-Appellees would prefer the court consider this a determination of title argument forcing it outside the scope of their review. The trial court erred when it refused to rule on this issue and instead, suggested the parties file another suit to determine title. Cross-Appellees know that a title decision is not pending before this court as evidenced by Jay Kay Bear's filing a new suit during the pendency of this appeal to have of the 8.09 acres declared in Jay Kay Bear.

Cross-Appellees' argument that Martin failed to segregate her fees is not supported by the evidence. Martin did segregate out some of her fees, which were awarded at trial, the Court ruled that the remaining fees would be considered at a separate hearing. Martin is seeking an award of her fees on the her successful declaratory judgment action and, on her remaining causes of action against Killian and Jay Kay Bear, should this Court reverse and remand this case to trial on her fraud and fraudulent lien claims.

## ARGUMENT AND AUTHORITIES

### A.    Killian is Precluded from Responding to Patty Martin's Brief

On June 6, 2014, Appellants and Cross-Appellees, John Killian and Jay Kay Bear, Ltd. filed their Notice of Appeal. CR.II:215. On August 18, 2014, Appellee and Cross-Appellant, Patty Martin, filed her Notice of Cross-Appeal. CR.II:225. Appellants and Cross-Appellants briefs were due on December 29, 2014. Cross-Appellee Jay Kay Bear and Cross-Appellant Martin filed two Joint Motions to Extend Time to file their respective Briefs and on January 28, 2015, the Court entered an Order extending the deadline to February 27, 2015. *See, Appendix Tab A*. Only Appellant, Jay Kay Bear, filed a brief on February 27, 2015. *See,* Brief of Appellant Jay Kay Bear, Ltd.

On March 27, 2015, the Court granted the Joint Motion to Extend Time to file responsive briefs filed by only Martin and Jay Kay Bear extending the deadline from March 30, 2015 to April 29, 2015. *See, Appendix Tab B.* On May 1, 2015, the Court granted a second extension filed by Martin and only Jay Kay Bear, extending the deadline to May 13, 2015. *See, Appendix Tab C.* The Brief of Cross-Appellees Jay Kay Bear, Ltd. and John M. Killian was filed June 13, 2015. *See,* Brief of Cross-Appellees. Killian never joined in the Joint Motions to Extend Time and, therefore, his Brief was due March 30, 2015. TEX. R. APP. P. 38.6.

5

On May 28, 2015, the Court granted Martin's and only Appellee Jay Kay Bear's Joint Motion to extend the deadline for reply briefs from June 2, 2015 to July 2, 2015. *See, Appendix Tab D.* Cross-Appellee Killian did not file a reply brief by June 2, 2015, did not join in on the Joint Motion to extend the filing deadline to July 2, 2015, and, as of the date of this filing, has not been granted an extension by this Court.

Killian filed his Cross-Appellee brief in violation of the court-ordered deadline of March 30, 2015. Appellee Killian did not timely file a Motion to Extend and therefore his Response was filed in violation of TEX. R. APP. P.10.5(b), and 38.6 (b) and (d). Killian offers no excuse as to why he did not join in either of the extension requests filed by Martin and Jay Kay Bear. *See* Cross-Appellees' Brief.

Martin presented four issues for the Court to consider:

(1)     Did the trial court err in failing to find John Killian committed fraud?

(2)     Did the trial court err in failing to find John Killian filed fraudulent liens?

(3)     Did the trial court err in failing to grant Plaintiff's Motion to Modify the Modified Final Judgment?

(4)     Did the trial court err in failing to grant Plaintiff's request for attorney's fees?

Martin sued Killian, individually, and as Trustee for Jay Kay Bear for fraud, so only Killian can respond to the first two issues. CR.I. 468-477. The third and fourth issues only apply to Jay Kay Bear and, therefore, do not require a response from Killian. *See,* Cross-Appellees' Brief.

Texas Rule of Appellate Procedure 38 does not contemplate an Appellee's failure to file a brief, only an Appellant. When an Appellant fails to file a brief in the time prescribed without a reasonable explanation for such failure, a court may dismiss an appeal for want of prosecution. *See Resendez v. Schwartz*, 940 S.W.2d 715, 716 (Tex. App—El Paso 1997, no writ). Likewise, a court can refuse to consider a late filed brief when Appellant fails to reasonably explain the untimely filing. *See Spring v. Bowen*, 928 S.W.2d 780, 781 (Tex. App—Waco 1996, no writ). This Court has granted a motion for extension of time filed after a brief was due when the Appellant offered a reasonable explanation for the delay. *City of San Antonio v. Bynum*, 933 S.W.2d 651, 652 (Tex. App.–San Antonio 1996, no writ) (holding an erroneous calendar entry was a reasonable explanation). In this case, Killian has neither filed a motion for extension of time nor offered any reasonable explanation as to the untimely filing of his Cross-Appellee's Brief. Following the Court's rulings in *Resendez* and *Spring*, this Court should not consider Cross-Appellee Killian's late-

filed brief. In the event the Court accepts Killian's late filed brief, Martin offers the following reply.

**B.      Martin Conclusively Established Killian's Fraud**

**1.      Standard of Review**

Killian argues there is evidence to support the trial court's implied factual finding that Killian did not commit fraud. *See* Cross-Appellees' Brief, p. 11. Because there is a reporter's record and clerk's record on file, the implied findings of the trial court are not conclusive and can be challenged for both legal and factual sufficiency. *Sixth RMA Partners v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *BMC Software Belf., N.V. v. Marchand*, 83 S.W. 3d 789, 795 (Tex. 2002).

**2.      All Elements Satisfied**

**a.      Documents Speak for Themselves**

Martin is seeking to reverse the court's rulings on her claims that Killian committed fraud when he misrepresented that 1) all liens were released and 2) no future liens would be filed. Throughout his testimony, Killian stated the documents speak for themselves. RR.6:46, 49 51, 53, 54, 56, 86, 88, 89. Indeed it is the documents Killian signed, drafted, and acted upon that offer the best evidence of the fraud he committed. RR.11:Ex. 1, 3, 7, 8, 9, 10, 24; RR.12:Ex. 3; RR.13:Ex. 5; and RR.14:Ex. G. It is the documents themselves that contradict any implied findings

8

Cross-Appellees are relying on to support the trial court's conclusion that Killian did not commit fraud or file fraudulent liens.

### b.     All Liens Released

Killian testified he signed the Mediation Agreement in his "capacity as counsel for the Alwais plaintiffs and in my capacity as funding source for Bexar Mercantile settlement." RR.12:Ex. 19.[1] Killian filed a Motion to Compel Martin to sign the real estate documents contemplated by the Mediation Agreement after she raised concerns about prior liens. ("Killian's Motion") RR.13:Ex. 5. Killian's Motion states "all parties to the Agreement released all claims and liens they had against any of the properties" and that Plaintiffs were to receive whatever lien position was left "after release of the existing liens." RR.13:Ex. 5. Killian made these same arguments at the Motion to Compel hearing. RR.11.Ex.10. Killian made the representations knowing they were false and to invite reliance that all existing liens were released and therefore Martin's demand for a title policy was both "irrelevant and unnecessary." RR.12:Ex. 19. Martin's injury occurred when Killian, as Trustee, foreclosed on an outdated and "unreleased lien" Jay Kay Bear held on the 8.11 acres on the same day

---

[1] Steve Brook testified that he was the scribe for the Mediation Agreement, that it is his handwriting under Killian's signature, and he would not have put "individually" there without Killian's consent. RR.8:15.

Martin foreclosed on the 8.11 acres, thus preventing her from seeking her settlement recourse in that property. RR.11.Exs. 5 and 9.

### c. No more liens

At the hearing on Killian's Motion, he argued to the court that the Mediation Agreement says, "there is going to be no more claims, no more liens. All liens be released." RR.11:Ex. 10. Killian could only have made that representation in his individual capacity as the Alwais' and Ms. Moczygemba did not sue Martin for any lien claims. RR.14:Ex. G. The representation was false and in direct contradiction to the Deeds of Trust he would later draft on behalf of Jay Kay Bear, file of record, and foreclose upon. RR.11:Ex. 3, 7, 8, 9, and 24. It was also made in contradiction to the priority status set forth in the Deed of Trust Killian was seeking to compel Martin to sign. RR.11:Ex. 10; RR.12:Ex. 2. The Martin Deed of Trust of Trust provides that Martin's lien shall remain superior to liens later created. RR.12:Ex. 2.

Killian owed Martin the duty of full disclosure of the subsequent liens he was creating on the properties. *See Flood v. Katz*, 294 S.W.3d 756, 763 (Tex. App.-Dallas 2009, reh. denied) (holding the duty to speak exists when parties to a mediated settlement agreement have represented to one another that they have disclosed known assets. *Id*. "When one voluntarily discloses information, he has a duty to disclose the whole truth rather than making a partial disclosure that conveys a false impression."

10

*Id.* citing *World Help v. Leisure Lifestyles,* Inc., 977 S.W.3d 662, 670 (Tex. App.-Ft. Worth 1998, pet. denied). Martin's reliance is evidenced by her signing her Deed of Trust. RR.12:Ex. 2. Killian's foreclosure of his later created liens injured Martin's ability to seek the recourse she was provided in the Mediation Agreement and her Deed of Trust. RR.11:Ex. 1; RR.12:Ex. 2.

### C. Cross-Appellees Fail to Offer any Competent Evidence to Negate Martin's Fraud Claims

#### 1. Attorney Immunity Doctrine

Killian failed to plead the attorney immunity doctrine as an affirmative defense and therefore has failed to preserve the argument for the Court's review. CR.I:468-477. *See Smith v. Reid*, 2015 WL 3895465 at *9 (Tex. App–San Antonio, 2015, no pet.) (finding a party's failure to affirmatively plead an affirmative defense was waiver and did not preserve the defense for review).

Even if it had been properly pled, Killian's fraudulent misrepresentations are not protected by the attorney immunity doctrine because they did not involve the discharge of his duties to the Alwais' and Ms. Moczygemba. *See Cantey Hanger, LLP v. Byrd, et al*, No. 13-0861, 58 Tex. Sup. Ct. J. 35, 2015 WL 3976267 at *4 (Tex. June 26, 2015). The Alwais' and Ms. Moczygemba's lawsuit against Martin was a partition suit discharged as part of the Mediation Agreement and did not involve any

11

liens. RR.14:Ex. G; RR.11:Ex. 1. Killian's representation of these clients has nothing to do with the allegations of fraud made by Martin in this suit. RR.14:Ex.G; CR.I:351-467. Therefore, Killian was not acting in furtherance of the Alwais' and Ms. Moczygemba litigation when he represented to Martin that all liens were released and no further liens would be created. RR.11.:10. An attorney's participation in fraudulent activities independent of his duties as an attorney are not shielded from liability. *Id.* Killian was not representing Jay Kay Bear in litigation adverse to Martin when he drafted documents giving Jay Kay Bear the same lien interest as Martin. RR.11.Ex.3. Likewise, Killian was not acting as an attorney, but as Jay Kay Bear's Trustee, when he foreclosed on those liens. RR.11:Ex. 7, 8, 9, and 24.

An attorney's wrongful conduct is actionable if it occurs during a lawsuit and does not involve the provision of legal services. *Id.* This position has been consistent in Texas courts for over 100 years. *See Poole v. Hous. & T.C. Ry. Co.*, 58 Tex. 134, 137 (1882)(holding an attorney will be liable when his wrongful acts "are entirely foreign to the duties of an attorney."). Killian has failed to preserve this defense for the Court's review.

### 2. Unsupported Expert Testimony

Cross-Appellees offer the testimony of their expert, Mark Stephen Cichowski for the proposition that "nothing Killian did in the course of representing his clients

in this litigation could have constituted fraud." *See* Cross-Appellee's Brief, p. 18..

As set forth above, Martin does not claim Killian committed fraud while representing his clients. *See* Cross-Appellees' Brief, p. 17; CR.I:351-467. Nonetheless, Cichowski's testimony is not competent evidence as it was limited to his opinion of Killian's misrepresentations made during mediation and the court ruled that Mr. Cichowski could not speak to anything said at mediation as he was not there. RR.8:71, 108-09.

Cross-Appellees claim this Court should affirm the trial court's judgment on Martin's fraud claims for the simple reason Killian did not commit fraud. *See* Cross-Appellee's Brief, p. 28. Cross-Appellees cite the testimony of Sara Dysart, a real estate expert, in support of this contention. *See* Cross-Appellees' Brief, p. 28; RR.4:66. This evidence can not be considered as the court sustained Martin's objection to this testimony as Ms. Dysart was not offered as an expert on fraud. RR.4:66-67.

### 3.  Inadmissable Hearsay

Cross-Appellees next attempt to offer hearsay testimony as evidence that Killian did not defraud Martin. *See* Cross-Appellee's Brief, p. 28-29. Cross-Appellees claim testimony from Martin's agent, Gary Davidson, supports this proposition. *See* Cross-Appellees' Brief, p. 28. Davidson was not the agent of

Martin, but rather the appointed guardian of her mother's estate, so could not offer testimony on Martin's behalf. RR.4:36-37. Cross-Appellees further attempt to use Mr. Davidson's testimony in support of Martin's attorneys' knowledge of prior liens. *See* Cross-Appellee's Brief, p. 33. To the contrary, Mr. Davidson specifically testified he did not know if Martin's attorneys had obtained a title run or commitment. RR.3:20. Likewise, Martin's attorney's testimony that he saw part of a title commitment in a file is not evidence of knowledge of prior liens. RR.3:113-114. This is all inadmissible testimony offered to contradict Martin's fraud claims and should be disregarded by the Court.

### 4. Fact Issues Not Presented at Trial.

Killian claims he did not represent to Martin that the liens held by Zyco, Inc. and Jay Kay Bear should have been released. *See* Cross-Appellees' Brief, pp. 24-26. This argument is meritless as Martin has not made any claims against Zyco, Inc. for not releasing a lien. CR.I:351-467. Martin's allegations clearly set forth Killian's liability for drafting and recording the Collateral Transfer of Lien from Zyco, Inc. to his company, Jay Kay Bear, creating yet another lien interest on the 8.09 acres. 11.RR:24. Killian used this lien to foreclose for a <u>second</u> time on the 8.09 acres. 11.RR:8. It was this April 6, 2010 foreclosure that the court properly set aside because Martin had no knowledge of this lien. This same rational should support a

14

finding of fraud against Killian and likewise set aside his February 2, 2010 foreclosure on his undisclosed June 3, 2008 Deed of Trust.

Killian's own arguments support the fact that Jay Kay Bear was required to release it's prior lien on the 8.11 acres as part of the settlement. *See* Cross-Appellees' Brief, pp. 25-26. Killian admits he was an agent for Jay Kay Bear and it was Jay Kay Bear who funded the settlement. *See* Cross-Appellees' Brief, p. 26. Killian has testified he signed the Mediation Agreement in his "capacity as counsel for the Alwais plaintiffs and in my capacity as funding source for Bexar Mercantile settlement." RR. 12 Ex. 19. If this is truly Killian's position, then Killian signed the Mediation Agreement on behalf of Jay Kay Bear and bound Jay Kay Bear to the terms therein, to include the release of its lien. RR.11:Ex. 1.

Killian also attempts to impose his own trial findings to support his innocence. *See* Cross-Appellees' Brief, p. 33. Contrary to the court's Modified Final Judgment, Killian seeks to offer new unsupported evidence to claim Martin's injuries were due to 1) BMI's breach of its agreement; 2) Martin's agreement to non-recourse language; 3) Martin's release of a prior lien; Martin's attorneys' failure to record the Martin Lien until after the Jay Kay Bear lien was filed. *See* Cross-Appellees' Brief, p. 34. There are no findings to support this contention and simply no evidence for Jay Kay Bear to offer for the court's consideration. *See* Cross-Appellees' Brief, p. 33. Issues

of fact not presented to the trial court can not be raised on appeal for the first time. *See Yzaguirre v. Medrano*, 786 S.W.2d 88, 91 (Tex. App.–San Antonio 1990, no writ).

Cross-Appellees next attempt to argue that Martin failed to pierce the Corporate veil and therefore cannot bind Jay Kay Bear or Zyco by the statements Killian made at mediation or at the motion to compel hearing. *See* Cross-Appellees' Brief, p. 35-36. This meritless argument fails to address any of the issues raised in Martin's Brief. *See* Cross-Appellant's Brief, p. ix. Further, Martin has never attempted to bind Zyco, Ltd. to anything. CR.I:351-467. This court may only consider testimony adduced and the evidence tendered and/or admitted at the time of trial and on which the trial court's judgment is based. *See Gulf Oil Corp. v. Southland,* 478 S.W.2d 583, 591 (Tex. App.–El Paso 1972, aff'd. 496 S.W.2d 547 (Tex. 1973) ).

**D.     Killian Failed to File a Timely Response to Challenge Patty Martin's Fraudulent Lien Claims**

As set forth above, Killian failed to file a Motion for Leave to file a late filed Response, and therefore Cross-Appellee's  arguments on this issue should likewise be disregarded.

Pleading further, if necessary, Cross-Appellees cite to it's expert report for the proposition that it's ability to accept a lien on property defeats Martin's fraudulent lien claim. *See* Cross-Appellee's Brief, p. 40 - 41. Ms. Dysart was not retained to opine on the fraudulent lien claim or on what constituted a proper lien. Amd. RR.11:Ex.6., RR.4:27. Ms. Dysart was only retained to review recorded documents and offer an opinion as to the status of title in the various properties. RR.4:61. Therefore, Cross-Appellees' reliance on her testimony and report have no bearing on the analysis of this issue.

**E.     Martin Conclusively Established Her  Fraudulent Lien Claims**

As set forth above, the implied findings of the trial court on this issue is not conclusive and can be challenged for both legal and factual sufficiency. *See Sixth RMA Partners*, 111 S.W.3d at 52; *BMC Software Belf., N.V.,* 83 S.W. 3d at 795. Martin produced evidence of each element required to prove Killian filed fraudulent liens. *See* TEX. CIV. PRAC. & REM. CODE § 12.002.

**1.     1st Element – Knowledge the Document is a Fraudulent Lien or Claim against Real Property**

As of January 28, 2008, as between the parties to the Mediation Agreement, the lien priorities were fixed and any and all claims and liens on the properties were to be released. 11.RR.Ex.1. Nowhere does the Mediation Agreement contemplate

17

additional liens being placed on the subject properties by any of the parties. 11.RR.Ex.1. Nonetheless, Killian used the confidential negotiations of the parties to create lien interests for his company, Jay Kay Bear, and file them of record in the Real Property Records of Bexar County, Texas (the "Jay Kay Bear Deeds"). 11.RR.Ex.3 and 24. The four pieces of property identified in the Jay Kay Bear Deeds, as drafted by Killian, are the same four properties identified in the Mediation Agreement to secure the payment of the settlement funds to Martin. 11.RR.Ex.1, 3 and 24. The June 3, 2008 Jay Kay BearDeed of Trust should have recognized Martin's priority status. 11.RR.Ex.3. Instead, it sets forth that Grantor, BMI, covenants that BMI has the right to convey it and the properties are "**free from all liens and encumbrances, recorded or unrecorded.**" 11.RR.Ex.3. Killian knew that representation was false when it was made based on his knowledge of the Martin Deed of Trust. 11.RR.Ex.1 and 3.

Killian is an attorney with many years of experience as a real estate attorney. 11.RR.Ex.19. His years of experience as a lawyer put him on notice that he was prohibited from taking a proprietary interest in the settlement of his client's case. RR.6:20-24. Killian's Affidavit mentions his commitment and actions to fund the settlement no less than six times. 11.RR.Ex.19.

Texas Disciplinary Rules of Professional Conduct, Rule 1.08 (h):

18

A lawyer shall not acquire a proprietary interest in the cause of action or subject matter litigation the lawyer is conducting for a client.

Killian not only acquired a proprietary interest in the same properties awarded to Martin on behalf of Jay Kay Bear, but further sought to establish Jay Kay Bear's ownership of the 3.4, 8.09, and 8.11 acres by foreclosing on the properties. 11.RR.Ex. 7, 8, and 9.

### 2. 2nd Element – Intent the Document have Same Effect as Valid Lien or Claim against Property

Killian created and filed the Jay Kay Bear Deeds with the purpose of creating valid liens in order to be repaid settlement funds from BMI. 11.RR.Ex.19. Killian further intended the Jay Kay Bear Deeds to have the same effect as valid liens so he could use them to foreclose on the subject properties on February 2, 2010 and April 6, 2010. 11.RR.Ex. 7, 8, and 9. He intended the three foreclosure sale deeds to be Jay Kay Bear's claim against real property as evidenced by this appeal and the subsequent declaratory action suit he has filed in Bexar County, Texas. *See* Appellant's Brief.

### 3. 3rd Element – Intent to cause Plaintiff Injury

Killian was aware of the "available priority lien status" Martin was given on January 24, 2008, prior to his taking a lien on the properties, as set forth in the Mediation Agreement he signed in his individual capacity. 11.RR.Ex.1. Killian intended Plaintiff to suffer harm by filing documents that ignored Plaintiff's priority

19

status and secured repayment of the $150,000.00 he allegedly loaned BMI to fund the settlement. 11.RR.Ex.3 and 19. It is further clear that Killian intended Plaintiff to suffer and be injured financially by foreclosing and filing the Foreclosure Sale Deeds of record as Killian knew Martin's only recourse in the event of default was to look to the properties. 11.RR.Ex.1; 12.RR.Ex.2.

Jay Kay Bear acknowledges Killian was acting on its behalf to protect its interest and the repayment of the loan from BMI. Cross-Appellee's Brief, p. 42. This was done contrary to Patty Martin's right of payment of settlement funds from BMI as established in the Mediation Agreement and clearly establishes Killian and Jay Kay Bear's intent to harm Martin. RR.11: Ex:1. The trial court abused its discretion and the ruling on Martin's fraudulent lien claims must be reversed.

### F. Cross-Appellees Fail to Offer any Competent Evidence to Negate Martin's Fraudulent Lien Claims

#### 1. Unsupported Expert Testimony

Cross-Appellees' reliance on Sara Dysart to support his arguments fails as she was not offered as an expert on fraudulent liens. Amd. RR.11:Ex. 6. She also refused to testify on the actions of an attorneys professional responsibilities. RR.4:52-54. Further, her cited testimony is not supportive as it was offered in a hypothetical

20

context, not for the acts of Jay Kay Bear. *See* Cross-Appellees' Brief, p. 40-41; RR.4:52-54.

### 2. Loan of Money

Cross-Appellees next argue that Jay Kay Bear's loan of money to BMI somehow negates Killian's liability for filing fraudulent liens. *See* Cross-Appellees' Brief, p. 41-42. The facts as alleged are hypothetical and were not argued at trial. Neither is Martin's alleged acceptance of money from Jay Kay Bear, as all settlement funds went to her mother's guardianship fees. RR.3:83. *See Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied) (holding material outside of the record that is improperly included in or attached to a party's brief may be stricken)

### G. Patty Martin Conclusively Established that the Trial Court Abused its Discretion by Failing to Grant her Motion to Modify the Modified Final Judgment

Cross-Appellees are accusing Martin of changing her basis for modifying the Modified Judgment from a decision on lien superiority to one of title. *See* Cross-Appellees' Brief, p. 48. Cross-Appellees' arguments are not supported by citations. *See* Cross-Appellees' Brief, p. 43 and CR.1:100-203. Cross-Appellees are asking the Court to defer its attention to Martin's other causes of action rather than the declaratory relief issues addressed in Martin's Motion. *See* Cross-Appellees' Brief,

p. 48-49. Those causes of action have no effect on the analysis before the Court. CR. 1:367-68 and 378. Ironically, it is Jay Kay Bear who is asking this Court to render title in the 8.09 acre in Jay Kay Bear, even though that relief was not sought at the trial court level. *See* Brief of Appellant, p. 45 - 46, CR.I:467 - 77.

Martin's basis for her Motion and this appeal remain the same, to have the court determine the superiority of the competing foreclosures on the 8.09 acres filed by Martin and Jay Kay Bear on February 2, 2010. CR.II:199. This Court should find that the trial court erred in denying Martin's Motion as the February 2, 2010 foreclosure issue was properly before the court and the court's ruling was inconsistent with it's basis for setting aside Jay Kay Bear's April 6, 2010 foreclosure.

## H.     Patty Martin Conclusively Established  that the Trial Court Erred in Failing to Grant her Attorneys Fees

Cross-Appellees argue Martin failed to segregate her attorney's fees, therefore the Court acted within its discretion to deny Martin's request for attorneys fees. *See* Cross-Appellee's Brief, p. 48. There is no requirement to segregate fees if a party's claims are so intertwined as to require the proof or denial of essentially the same facts. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). However, Martin was able to segregate out a portion of her fees and those fees were actually awarded. CR.II:195-98. Martin successfully prosecuted her suit against

BMI and Dullye for their breach of the Mutual Release and Indemnification Agreement resulting in an attorney fee award of $9,348.00. RR.7:154-56; CR.II:195-98. For the remaining fees pled, Cross-Appellees fail to recall that the trial court also entered a stipulation that the remaining causes of action were too intertwined to segregate and another hearing on the fees was contemplated pending the ruling of the court. RR.7:156-59.

Cross-Appellees' arguments against the award of attorneys fees are not supported by the evidence. *See* Cross-Appellees' Brief, p. 48. There is no evidence Martin settled with the Frerich's or received any money in exchange for dismissing her suit against them and therefore, no credit should be contemplated in the award. *See* Cross-Appellees' Brief, p. 48; RR.7.89, 144. Cross-Appellees are also mistaken when they allege Martin "refused to testify" about attorney's fees. *See* Cross-Appellees' Brief, p. 48. Martin was not called to testify at trial, so she could not have "refused" to testify about anything. *See* Reporters Record, generally.

When a party pleading a declaratory judgment action offers evidence that such action is so inextricably intertwined with additional causes of action, they are entitled to attorneys fees even if they only prevail on the declaratory judgment action. *See N. P. Anderson Cotton Exchange, L.P. v. Potter*, 230 S.W.3d 457, 467 (Tex. App. - Fort Worth 2007, no pet.) Here, testimony was offered and, based on that testimony,

it was stipulated that the facts surrounding the claims were inextricably intertwined. RR.7:153-159. Martin sued Jay Kay Bear and Killian, among others, for conspiracy to defraud her from her settlement funds. CR.I:351-467. The facts Martin alleged in support of her conspiracy action included the same facts which also supported the multiple causes of action filed by Martin. CR.II:195-98. Likewise, Killian's acts of drafting liens, transferring liens, filing liens and conducting multiple foreclosures necessarily required Martin to file a declaratory judgment action to determine the parties respective interests in the affected properties. CR.II:195-98. The trial court erred in failing to grant Martin attorneys fees after it warded her a portion of the declaratory relief she sought.

## CONCLUSION

The court's failure to rule on in favor of Martin on her fraud and fraudulent lien claims is inconsistent with the findings of Martin's lien superiority and the setting aside of Jay Kay Bear's April 6, 2010 lien. The failure to rule on the remaining February 2, 2010 foreclosures also contradicts these findings. The court's failure to award attorneys fees also contradicts the court's award of declaratory relief.

## PRAYER

Based on the apparent reversible error appearing in the record, Martin seeks an order from this court reversing the judgment of the trial court with regard to the

24

denial of Martin's requested relief and remanding, if necessary, the case for further determination. Martin further requests the Court issue a judgment authorizing Martin to recover all her costs of this appeal, and any further relief to which she is justly entitled.

Respectfully submitted,

COKINOS, BOSIEN & YOUNG

By: _/s/ Patricia M. Oviatt_
    PATRICIA M. OVIATT
    State Bar No. 24046571
    10999 West IH-10, Suite 800
    San Antonio, Texas 78230
    (210) 293-8700 (Office)
    (210) 293-8733 (Fax)
    poviatt@cbylaw.com

**ATTORNEYS OF RECORD FOR PLAINTIFF / APPELLEE / CROSS-APPELLANT, PATTY MARTIN**

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of July, 2015, a true and correct copy of the foregoing *REPLY BRIEF OF CROSS-APPELLANT* was served on the following counsel of record by electronic service through *MyFileRunner.com*; and the REPLY BRIEF OF CROSS-APPELLANT was duly filed with the Clerk of the Fourth Court of Appeals through *MyFileRunner.com*, together with this proof of service:

Beth Watkins
LAW OFFICE OF BETH WATKINS
926 Chulie Drive
San Antonio, Texas 78216
(210) 225-6666 (Office)
(210) 225-2300 (Fax)
Beth.Watkins@WatkinsAppeals.com

*/s/ Patricia M. Oviatt*
PATRICIA M. OVIATT

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), the undersigned certifies this brief complies with the type-volume limitations of TEX. R. APP. P. 9.4(i)(2)(B).

1.    Exclusive of the exempted portions in TEX. R. APP. P. 9.4(i)(2)(B), the Brief contains 4,579 words.

2.    The Brief has been prepared in proportionally spaced typeface using WordPerfect Version X5.

3.    If the Court so requests, the undersigned will provide an electronic version of the Brief and/or a copy of the word or line printout.

4.    The undersigned understands a material misrepresentation in completing this Certificate, or circumvention of the typevolume limits in TEX. R. APP. P. 9.4, may result in the Court's striking the Brief and imposing sanctions against the person signing the Brief.

/s/ Patricia M. Oviatt
PATRICIA M. OVIATT

27



TAB A

FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

January 28, 2015

No. 04-14-00579-CV

Jay Kay **BEAR** Ltd,
Appellant

v.

Patty **MARTIN**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-11890
Honorable Cathleen M. Stryker, Judge Presiding

# O R D E R

Appellants' and Cross-Appellants' briefs were due on December 29, 2014. This court granted a joint first motion for extension of time to file Appellants' and Cross-Appellants' briefs until January 28, 2015. On January 22, 2015, Appellants and Cross-Appellants filed a second joint motion for another thirty-day extension of time to file their respective briefs, for a total extension of sixty days.

Appellants' and Cross-Appellants' motion is GRANTED. The respective briefs must be filed with this court not later than February 27, 2015. *See* TEX. R. APP. P. 38.6(d).

**NO FURTHER EXTENSIONS OF TIME TO FILE APPELLANTS' BRIEF or CROSS-APPELLANTS' BRIEF WILL BE GRANTED.** If Appellants or Cross-Appellants fail to file their respective brief as ordered, the court may dismiss the respective appeal for want of prosecution. *See id.* R. 38.8(a)(1), 42.3(b).

Patricia O. Alvarez, Justice

FILE COPY

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of January, 2015.

_____
Keith E. Hottle
Clerk of Court





FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

March 27, 2015

No. 04-14-00579-CV

Jay Kay **BEAR** Ltd,
Appellant

v.

Patty **MARTIN**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-11890
Honorable Cathleen M. Stryker, Judge Presiding

## ORDER

The Joint Motion for Extension of Time to File Appellant/ Cross-Appellee and Appellee/Cross-Appellant's Brief has this date been received and filed in the above styled and numbered cause. Extension of time to file the Appellant/Cross-Appellee's and Appellee/Cross-Appellant's brief is this date GRANTED. Time is extended to April 29, 2015.

**PER CURIAM**

ATTESTED TO: _____

KEITH E. HOTTLE
CLERK OF COURT

cc:    Beth Watkins                      Patricia M. Oviatt
       926 Chulie Dr                     10999 West IH 10, Suite 800
       San Antonio, TX 78216-6522        San Antonio, TX 78230



TAB C

FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

May 1, 2015

No. 04-14-00579-CV

Jay Kay **BEAR** Ltd,
Appellant

v.

Patty **MARTIN**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-11890
Honorable Cathleen M. Stryker, Judge Presiding

# O R D E R

Appellees' and Cross-Appellees' briefs were due on March 30, 2015.  This court granted a joint first motion for extension of time to file Appellees' and Cross-Appellees' briefs until April 29, 2015.  On April 27, 2015, Appellees and Cross-Appellees filed a second joint motion for a fourteen-day extension of time to file their respective briefs, for a total extension of forty-four days.

Appellees' and Cross-Appellees' motion is GRANTED.  The respective briefs must be filed with this court not later than May 13, 2015.  *See* TEX. R. APP. P. 38.6(d).

**NO FURTHER EXTENSIONS OF TIME TO FILE APPELLEES' BRIEF or CROSS-APPELLEES' BRIEF WILL BE GRANTED.**  If Appellees or Cross-Appellees fail to file their respective brief as ordered, the court may set the appeal at issue and submit the appeal without the brief.

_____
Patricia O. Alvarez, Justice

FILE COPY

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of May, 2015.



Keith E. Hottle
Clerk of Court



TAB D

FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

May 28, 2015

No. 04-14-00579-CV

Jay Kay **BEAR** Ltd,
Appellant

v.

Patty **MARTIN**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-11890
Honorable Cathleen M. Stryker, Judge Presiding

## C O R R E C T E D   O R D E R

Appellant's and Cross-Appellant's reply briefs are due on June 2, 2015. *See* TEX. R. APP. P. 38.6(c). On May 27, 2015, Appellant and Cross-Appellant filed a joint motion for an extension of time to file the reply briefs until July 2, 2015.

The joint motion is GRANTED. Appellant's and Cross-Appellant's reply briefs must be filed in this court not later than July 2, 2015. *See id.* R. 38.6(d). **NO FURTHER EXTENSIONS OF TIME TO FILE THE REPLY BRIEFS WILL BE GRANTED.**

We caution the parties that this court may consider and decide this appeal before the reply briefs are filed. *See id.* R. 38.3.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of May, 2015.

_____
Keith E. Hottle
Clerk of Court_